Carolyn HAYES, Appellant,

v.

Kenneth Ray RINEHART and Linda Ann Eckert Hill, Appellees.

No. 11–00–00120–CV.

Court of Appeals of Texas, Eastland.

Nov. 30, 2001.

Gale Warren, Law Office of Gale Warren, Stephenville, for appellant.

Keith Woodley, Woodley & Dudley, Jim Parker, Comanche, for appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

W.G. ARNOT, III, Chief Justice.

This appeal arises from the dispute over a certificate of deposit account that Carolyn Hayes' father, C.E. Rinehart, established in her name. C.E. Rinehart died testate in March of 1997, leaving his three children as his sole heirs at law. Carolyn Hayes, Kenneth Ray Rinehart, and Linda Ann Eckert Hill agreed not to probate their father's will.

Kenneth Rinehart sued his sisters, Carolyn Hayes and Linda Hill, seeking partition of their father's estate. Prior to his death, C.E. Rinehart had deposited monies in a certificate of deposit account with First National Bank of Dublin. That account was solely in the name of Carolyn Hayes. In his first amended petition filed on January 20, 1999, Kenneth also sought a court determination that the certificate of deposit account be included as part of the estate. In his pleadings, Kenneth alleged that his father was worried that these assets would be used for his father's medical care. Kenneth alleged that C.E. Rinehart placed the funds in Carolyn Hayes' name for convenience. After numerous hearings, the trial court confirmed the Order Partitioning and Awarding Title to Real Property. The trial court also found that the certificate of deposit account was part of the estate and ordered Carolyn Hayes to deliver the funds together with interest accrued thereon to the

registry of the court. Carolyn Hayes appeals the trial court's determination that the certificate of deposit account was part of the estate. We affirm.

Carolyn Hayes contends that the trial court erred in ruling that the funds in the certificate of deposit account were the property of the estate of her father. At the hearing on April 19, 1999, Carolyn Hayes testified that on December 29, 1992, her father placed the certificate of deposit account solely in her name. Carolyn Hayes stated that she did not earn any of the money placed in the account but that the money belongs to her because the certificate of deposit account is in her name. Carolyn Hayes introduced into evidence a copy of the signature card from the certificate of deposit account which shows that the account is an individual account in her name.

At the same hearing, Nolan Rinehart, C.E. Rinehart's brother, testified that, in the last years of his life, C.E. Rinehart had a medical condition that required him to be on oxygen and use a breathing machine. Nolan Rinehart testified at the hearing that C. E Rinehart had stated prior to his death that he had "put money in [Carolyn Hayes'] name" in order to get his breathing machine and medication paid for by Medicare and Medicaid and in order to receive treatment at the V.A. Hospital. Nolan Rinehart further testified that C.E. Rinehart stated that his intentions were that "everything he owned be split" among his children.

Doreen Rinehart, C.E. Rinehart's sister-in-law, testified at the hearing that C.E. Rinehart had said that Medicare and Medicaid would not pay for his breathing machine and medication if he had any money in the bank and that, as a result, he put the money in Carolyn Hayes' name. Doreen Rinehart further testified that C. E Rinehart stated that Carolyn Hayes "would do what was right." Doreen Rinehart stated that C.E. Rinehart expressed his desire that everything he owned be divided among his three children.

■ Carolyn Hayes argues that the trial court erred in admitting and considering the testimony of Nolan Rinehart and Doreen Rinehart because the testimony violated the parol evidence rule. The parol evidence rule is a rule of substantive law which provides that, in the absence of fraud, accident, or mistake, extrinsic evidence is not admissible to vary, add to, or contradict the terms of a written instrument that is facially complete and unambiguous. *Pitman v. Lightfoot*, 937 S.W.2d 496 (Tex.App.—San Antonio 1996, writ den'd); *Martin v. Ford*, 853 S.W.2d 680, 681 (Tex.App.—Texarkana 1993, writ den'd). Carolyn Hayes contends that, because the signature card clearly shows that she is the sole owner of the certificate of deposit account, the testimony of Nolan Rinehart and Doreen Rinehart was inadmissible to contradict the terms of the certificate of deposit account. We disagree. The extrinsic evidence was admissible to show fraud. See *Burleson State Bank v. Plunkett*, 27 S.W.3d 605 (Tex. App.—Waco 2000, pet'n den'd). C.E. Rinehart deposited the monies in Carolyn Hayes' name so that he could receive the benefits of Medicare and Medicaid and the V.A. Hospital at a reduced cost or no cost.

■ At trial, Carolyn Hayes also urged that her father, C.E. Rinehart, had intended to make a gift to her of the certificate of deposit account. In its findings of fact, the trial court found that a gift had not been proven by clear and convincing evidence and that C.E. Rinehart had no intent to make a gift of the certificate of deposit account to Carolyn Hayes. On appeal, Carolyn Hayes argues that the trial court's findings are against the great weight and preponderance of the evidence.

Findings of fact have the same force and dignity as a jury verdict and are reviewed for factual and legal sufficiency using the same standards applied to jury verdicts. *Dorman v. Arnold*, 932 S.W.2d 225 (Tex. App.—Texarkana 1996, no writ); *Zieben v. Platt*, 786 S.W.2d 797, 799 (Tex.App.— Houston [14th Dist.] 1990, no writ). Thus, we consider and weigh all the evidence in the case and affirm the judgment unless the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Plas-Tex, Inc. v. U.S. Steel Corporation*, 772 S.W.2d 442, 445 (Tex.1989); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Three elements are necessary to establish the existence of a gift: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Dorman v. Arnold*, supra; *In re Estate of Hamill*, 866 S.W.2d 339, 344 (Tex.App.— Amarillo 1993, no writ). The intent of the donor, however, is the principal issue in determining whether a gift has been made. *Thompson v. Lawson*, 793 S.W.2d 94, 96 (Tex.App.—Eastland 1990, writ den'd). The person claiming that a gift was made must prove the gift by clear and convincing evidence. *Dorman v. Arnold*, supra.

The trial court heard evidence that C.E. Rinehart placed the certificate of deposit account in Carolyn Hayes' name to be eligible for Medicare and Medicaid benefits. The record also shows that C.E. Rinehart used money from another certificate of deposit account to purchase a pickup after also placing that certificate of deposit account in Carolyn Hayes' name. The trial court's findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We have considered all of Carolyn Hayes' arguments on appeal, and they are all overruled.

The judgment of the trial court is affirmed.