11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gerald Wayne Springer

Appellant

Vs.                   No.
11-01-00303-CV  --  Appeal from Erath County

Janice Marie Lingle

Appellee

 

This appeal arises from a dispute between a
brother and sister regarding their father=s
ranch.  Appellant, Gerald Wayne
Springer, and Appellee, Janice Marie Lingle, are the only children of Marsh
Springer, deceased.   Marsh Springer
owned a ranch in Comanche County made up of 
three tracts which totaled approximately 805 acres combined.  The three tracts consisted of:  (1) a 505-acre tract referred to as the
Resley Creek or Dueese Place; (2) a 160-acre tract referred to as the Home
Place; and (3) a 140-acre tract referred to as the Cude Place.  Marsh Springer died on March 3, 1997, and
his will was admitted to probate in Erath County on June 1, 1998.[1]   His last will and testament devised his
ranch located in Comanche County to appellee.[2]  








Appellant asserts that he is the owner of the 505-acre
tract by virtue of Marsh Springer=s
parol gift of the land to him in 1993.[3]  Appellant testified that he took exclusive
possession of the 505-acre tract in 1993 and made valuable improvements thereon
as a result of the conveyance.  The
improvements consisted of clearing trees, cleaning up debris, building fences
and roads, and sprigging coastal bermudagrass. 
He ran cattle on the 505-acre tract and grew wheat and oats on the tract
for his cattle to consume.  Appellant
testified that he kept all of the money generated from his cattle operation on
the tract as well as the money received for leasing the property for
hunting.  

Appellant also testified about improvements he
made to the Home Place and the Cude Place. 
These improvements consisted of making repairs to his father=s house, building fences
and pens, building roads, adding amendments to the soil, and running a water
line to the Cude Place.  Appellant
testified that he made improvements at a cost of approximately $199,000 to all
three tracts.[4]  He estimated that half of this figure was
expended on the improvements to the Home Place and Cude Place.  Appellant alternatively sought an equitable
lien to recover the enhanced value of the three tracts as a result of the
improvements in the event he did not receive title to the 505-acre tract.

Appellant=s
claims were tried before the court.  The
trial court denied appellant=s
claim of ownership to the 505-acre tract. 
The trial court also denied his claim for a recovery as a result of the
improvements which had been made to the three tracts.  The trial court entered the following findings of fact and
conclusions of law in this regard:

The
money spent and services provided by [appellant] related to the real estate
subject of this suit was provided to benefit [appellant=s] farming and ranching operations and for the
natural affection that a son has for his father.

 

[Appellant]
did not prove by a preponderance of the evidence that Marsh Springer and
[appellant] entered into an oral contract to convey the Cude Place and [the
505-acre tract] in exchange for money and services.

 

[Appellant]
did not prove by a preponderance of the evidence that he was entitled to
reimbursements for improvements or enhanced value to the property subject of
this suit because his efforts benefitted his personal enterprises or was a
result of natural affection for his father. 


 

Appellant brings two issues on appeal.  In his first issue, he attacks the legal and
factual sufficiency of the evidence regarding the trial court=s denial of his ownership
claim to the 505-acre tract.   His
second issue attacks the legal and factual sufficiency of the evidence
regarding the trial court=s
refusal to impose an equitable lien for improvements.  We affirm.








As set forth below, appellant=s claims are in the nature
of equitable relief.   With respect to a
claim for equitable relief, the fact finder is responsible for resolving the
disputed, material facts  connected to
the claim.  See Casa El Sol-Acapulco v.
Fontenot, 919 S.W.2d 709, 715 (Tex.App. B
Houston [14th Dist.] 1996, writ dism=d
by agr.).  After the fact issues have
been resolved, the decision to grant or deny equitable relief is a question of
law for the court to decide.  See Crown
Construction Company, Inc. v. Huddleston, 961 S.W.2d 552, 558 (Tex.App. B San Antonio 1997, no pet=n).  The trial court=s granting or denying of equitable relief is
subject to an abuse of discretion standard of review on appeal.  Crown Construction Company, Inc. v.
Huddleston, supra at 558; Mathews v. First Citizens Bank, 374 S.W.2d 794, 797
(Tex.Civ.App. B Dallas
1963, writ ref=d
n.r.e.).   

Appellant=s
issues attack the trial court=s
resolution of the factual findings.  When a party attacks the legal sufficiency
of an adverse fact finding on an issue on which he has the burden of proof, he
must demonstrate on appeal that the evidence establishes, as a matter of law,
all vital facts in support of the issue. 
Dow Chemical Company v. Francis, 46 S.W.3d 237, 241 (Tex.2001); Sterner
v. Marathon Oil Company, 767 S.W.2d 686, 690 (Tex.1989).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence and determine whether
the challenged finding is so against the great weight and preponderance of the
evidence as to be manifestly unjust. Pool v. Ford Motor Company, 715 S.W.2d 629
(Tex.1986); In re King's Estate, 244 S.W.2d 660 (Tex.1951).








The statute of frauds precludes an oral conveyance
of real property.  TEX. BUS. & COM.
CODE ANN. ' 26.01
(Vernon 2002).  However, Texas courts
have recognized various conditions of an oral conveyance which Arelieves it from the
operation of the statute of frauds, or, as more accurately stated, renders the
contract enforcible in equity notwithstanding the statute.@  Hooks v. Bridgewater, 229 S.W. 1114, 1116 (Tex.1921).  The Texas Supreme Court enumerated three
requirements to relieve a parol conveyance of land from the operation of the statute
of frauds in Hooks:  (1) payment
of consideration, whether in money or in services; (2) possession by the
transferee; and (3) making by the transferee of permanent and valuable
improvements upon the land with the consent of the transferor.  Hooks v. Bridgewater, supra at 1116.  The three requirements identified in Hooks
have been modified to apply to situations involving a parol gift of realty: (1)
a gift in praesenti; (2) possession under the gift by the donee with the donor=s consent; and (3)
permanent and valuable improvements made on the property by the donee with the
donor=s knowledge or
consent or, without improvements, the existence of such facts as would make it
a fraud upon the donee not to enforce the gift.  See Thompson v. Dart, 746 S.W.2d 821, 825 (Tex.App. B San Antonio 1988, no
writ); Grimsley v. Grimsley, 632 S.W.2d 174, 178 (Tex.App. B Corpus Christi 1982, no
writ). 

To be a gift in praesenti, the donor must, at the
time he makes it, intend an immediate divestiture of the rights of ownership
out of himself and a consequent immediate vesting of such rights in the
donee.  Thompson v. Dart, supra at
825.  Three elements are necessary to
establish the existence of a gift: (1) intent to make a gift; (2) delivery of
the property; and (3) acceptance of the property.  See Hayes v. Rinehart, 65 S.W.3d 286, 289 (Tex.App. B Eastland 2001, no pet=n).  The intent of the donor is the principal
issue in determining whether a gift has been made, and the person claiming a
gift must prove the gift by clear and convincing evidence.  Hayes v. Rinehart, supra at 289.

Appellant=s
testimony was the only evidence offered regarding the purported oral conveyance
of the 505-acre tract to him.  The trial
court=s resolution of
this fact issue obviously hinged on its assessment of appellant=s credibility.    The fact finder is the sole judge of the
credibility of the witnesses and the weight to be given to their
testimony.   McGalliard v. Kuhlmann, 722
S.W.2d 694, 697 (Tex.1986).  The
evidence does not conclusively establish Marsh Springer=s 
agreement to convey the 505-acre tract to appellant either by gift or
contractual conveyance.  Furthermore,
evidence supporting the trial court=s
ruling was adduced at trial.  With
respect to the issue of appellant=s
possession of the 505-acre tract, appellant testified that his father continued
to possess a key to the tract after the purported conveyance.   The testimony also revealed that his father
paid for a portion of the fencing materials used on the 505-acre tract.  Finally, appellant testified that he spoke
with his father about preparing a new will which Awould
have left this property@
to appellant but that his father did not want to change his will.  Appellant=s
first issue is overruled.








We next consider the sufficiency of the evidence
regarding the denial of appellant=s
claim for improvements.  One who
improves real estate under the erroneous but good faith belief that he owns the
land is entitled to recover from the true owner the cost of the improvements to
the extent they have enhanced the value of the property.  Whelan v. Killingsworth, 537 S.W.2d 785, 786
(Tex.Civ.App. B
Texarkana 1976, no writ).  For one to
qualify as a good faith improver under this equitable rule of Abetterments,@ he must show that he
believed he was the true owner of the land and that he had reasonable grounds
for that belief.   Miller v. Gasaway,
514 S.W.2d 90, 93 (Tex.Civ.App. B
Texarkana 1974, no writ).    The trial
court did not make any findings regarding appellant=s status as a good faith improver.   With respect to the 505-acre tract,
appellant seeks a recovery for improvements made since 1990 even though he
asserted that the conveyance did not occur until 1993.   Appellant never claimed ownership of the
Home Place and Cude Place.  To the
contrary, he testified that he made improvements to the Home Place and Cude
Place based on his expectancy of receiving them in the future.  There was no evidence that appellant=s father agreed to
reimburse him for the improvements.  As
noted by the trial court, the improvements facilitated the agricultural operations
which appellant conducted on the three tracts. 
Consequently, the trial court=s  determination that appellant was not
entitled to compensation for the improvements is supported by the
evidence.  See Mayberry v. Campbell, 356
S.W.2d 827, 828 (Tex.Civ.App. B
Amarillo 1962, writ ref=d
n.r.e.).  Appellant=s second issue is
overruled.

The judgment of the trial court is affirmed.

 

W. G.
ARNOT, III      

CHIEF JUSTICE

 

August 29, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The parties litigated this action in Erath County as an
ancillary proceeding to the probate of Marsh Springer=s estate.  





     [2]Marsh Springer devised his interest in a ranch located
in Scurry County to appellant.  The
record reflects that this bequest consisted of a one-half interest in
approximately 1,700 acres.  Appellant
and appellee had previously inherited a one-quarter interest each in the Scurry
County ranch from their mother=s estate. 





     [3]Appellant predominantly refers to the conveyance as a
gift in the appellate record.  There are
instances in the record wherein appellant refers to the conveyance as a matter
of contractual agreement.  The
distinction between a gift versus a contractual conveyance is not material to
the outcome of the case.





     [4]Appellant attributed $132,600 of the $199,000 figure
for his individual labor in making the improvements.