OPINION
 

 FELIPE REYNA, Justice.
 

 Connie Nipp and Terry Broumley dispute whether three certificates of deposit belong to the estate of then- deceased mother or were properly cashed by Broumley about a week before their mother’s death. Following a bench trial, the trial court ruled in Broumley’s favor but ordered him to pay a small portion of Nipp’s attorney’s fees. Nipp contends: (1) there is no evidence or factually insufficient evidence to support the court’s findings of fact with regard to ownership of the funds represented by the CD’s; (2) the court’s conclusions of law with regard to ownership are erroneous; (3) the judgment cannot be affirmed on a gift theory because the court made no findings of fact on even one element of such theory and there is no evidence or factually insufficient evidence to support recovery under this theory; (4) the judgment cannot be affirmed on the theory that the CD’s were P.O.D. accounts because the court made no findings of fact on even one element of such theory and there is no evidence or factually insufficient evidence to support recovery under this theory; and (5) because the court erred in its ownership determination, the court erred by failing to award Nipp all of her attorney’s fees. We will reverse and render in part and reverse and remand in part.
 

 
 *555
 
 NIPP v. BROUMLEY
 

 Background
 

 Walterine Opal Broumley initially purchased three CD’s “in the mid to late [19]80’s.” The CD’s were payable to “Mrs. H.O. Broumley or Terry Broumley.”
 
 [1]
 
 Over the years, Mrs. Broumley renewed the CD’s when they matured. Terry used them as collateral on occasions for various loans. Mrs. Broumley was diagnosed with inoperable cancer in late 2003 and was given about five months to live. Terry cashed the three CD’s (collectively worth about $76,000) eight days before Mrs. Broumley died.
 

 Nipp had learned about the existence of the CD’s while caring for her mother in her last months. After Nipp discovered that the CD’s were not included in the inventory of the assets of her mother’s estate, she filed suit seeking a declaration that the CD’s were property of the estate and an order requiring Terry to reimburse the estate for their value.
 

 The trial court determined that the funds represented by the CD’s were jointly owned by Terry and Mrs. Broumley, that Terry had the right to cash the CD’s, and that the CD’s were not assets of the estate on the date of Mrs. Broumley’s death. Nevertheless, the court ordered Terry to pay $625 of the $19,063 in attorney’s fees sought by Nipp.
 
 [2]
 

 Issues Presented
 

 The items listed in the “Issues Presented” section of Nipp’s brief do not precisely correspond with the issues outlined in her table of contents or in the argument portion of her brief. Restated, Nipp contends that the court erroneously determined that Terry owned the CD’s because: (1) there is no evidence and factually insufficient evidence to support such a finding; (2) the court’s conclusions of law with respect to ownership are erroneous; (3) the judgment cannot be affirmed on a gift theory because the court made no findings of fact on even one element of such theory and there is no evidence or factually insufficient evidence to support recovery under this theory; and (4) the judgment cannot be affirmed on the theory that the CD’s were P.O.D. accounts because the court made no findings of fact on even one element of such theory and there is no evidence or factually insufficient evidence to support recovery under this theory.
 

 On the issue of attorney’s fees, Nipp contends that, because the court erred in its ownership determination, the court erred by failing to award her all of her attorney’s fees.
 

 Standard of Review
 

 Findings of fact in a bench trial have the same force and dignity as a jury’s verdict upon jury questions. When challenged on appeal, the findings are not conclusive on the appellate court if there is a complete reporter’s record, as there is here. Generally, we will not disturb a trial court’s findings if there is evidence of probative force to support them.
 

 Although we show deference to a trial court’s findings, those findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury’s answers. We review
 

 
 *558
 
 It appears from the court’s findings of fact and conclusions of law that the court based its ownership determination solely on Terry’s status as a party to the CD’s who had an undisputed right to withdraw the funds represented by the CD’s.
 
 See
 
 Tex. Prob.Code Ann. §§ 437, 444, 445;
 
 see also
 
 Tex. Bus.
 
 &
 
 Com.Code Ann. § 3.110(d). However, beneficial ownership of the funds is determined by application of section 438 and is distinct from the right of withdrawal.
 
 See
 
 Tex. Prob.Code Ann. §§ 437, 438;
 
 Stegall,
 
 868 S.W.2d at 293;
 
 Bandy,
 
 835 S.W.2d at 616;
 
 Chopin,
 
 694 S.W.2d at 83.
 

 It is undisputed that Mrs. Broumley was the sole source of the funds at issue. Therefore, she retained beneficial ownership of these funds at the time of their withdrawal absent clear and convincing evidence to the contrary.
 
 See
 
 Tex. PROB. Code Ann. § 438(a).
 

 Gift
 

 At trial, Terry took the position that the funds were a gift to him from his mother. Much of the parties’ closing argument focused on whether Terry proved the elements of a gift. Nipp argues that the court’s findings are silent on this theory. She argues in the alternative that there is no evidence or factually insufficient evidence to support a finding on this theory.
 

 Nipp’s contention that the court made no findings on any element of the gift theory is based on Rule of Civil Procedure 299, which provides:
 

 When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.
 

 Tex.R. Civ. P. 299.
 

 We begin by examining the elements necessary to establish the existence of a gift.
 

 A gift is a voluntary transfer of property to another made gratuitously and without consideration. Three elements are required to establish the existence of a gift: (1) the donor’s intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. Dona-tive intent must exist at the time of the transfer, not at the time of a subsequent event.
 

 Lopez v. Lopez,
 
 271 S.W.3d 780, 788 (Tex.App.-Waco 2008, no pet.) (citations omitted);
 
 accord Magness v. Magness,
 
 241 S.W.3d 910, 912 (Tex.App.-Dallas 2007, pet. denied).
 

 The court stated in Finding of Fact No. XII that the bank “paid all sums on deposit” for the CD’s to Terry. We construe this as a finding that the funds were delivered to Terry, and delivery is one of the elements of a gift.
 
 See Bishop v. Bishop,
 
 359 S.W.2d 869, 871 (Tex.1962) (delivery of gift may be accomplished by actual or constructive delivery);
 
 Smith v. Smith,
 
 607 S.W.2d 617, 620 (Tex.Civ.App.-Waco 1980, no writ) (same). Therefore, we will examine the record to determine whether there is evidence to support implied findings on the other two elements.
 
 See
 
 Tex.R. Civ. P. 299.
 

 Terry bore the burden of proving that a gift was made.
 
 Hayes v. Rinehart,
 
 65 S.W.3d 286, 289 (Tex.App.-Eastland 2001, no pet.);
 
 Edwards,
 
 38 S.W.3d at 197;
 
 Dorman v. Arnold,
 
 932 S.W.2d 225, 228
 
 *559
 
 (Tex.App.-Texarkana 1996, no writ);
 
 cf. Akin v. Akin,
 
 649 S.W.2d 700, 703 (Tex.App.-Fort Worth 1983, writ refd n.r.e.) (appellee had burden to prove gift to overcome community-property presumption). He had to prove the making of a gift by clear and convincing evidence.
 
 See
 
 Tex. Prob.Code Ann. § 438(a);
 
 Hayes,
 
 65 S.W.3d at 289. Because of this elevated burden of proof at trial, an elevated standard of review also applies on appeal.
 
 Sw. Bell Tel. Co. v. Garza,
 
 164 S.W.3d 607, 627 (Tex.2004).
 

 Under a no-evidence review, we view all the evidence in the light most favorable to the court’s finding, taking into account contrary undisputed evidence, to determine whether a reasonable factfinder could have formed a firm belief or conviction regarding the making of a gift.
 
 Id.
 
 Under a factual sufficiency review, we ask whether the “disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding.”
 
 In re J.F.C.,
 
 96 S.W.3d 256, 266 (Tex.2002) (citing
 
 In re C.H.,
 
 89 S.W.3d 17, 25 (Tex.2002)).
 

 The alleged donor’s intent is the primary issue.
 
 Hayes,
 
 65 S.W.3d at 289;
 
 Lee v. Lee,
 
 43 S.W.3d 636, 642 n. 4 (Tex.App.-Fort Worth 2001, no pet.);
 
 Dorman,
 
 932 S.W.2d at 227;
 
 Thompson v. Lawson,
 
 793 S.W.2d 94, 96 (Tex.App-Eastland 1990, writ denied).
 

 Among the indispensable conditions of a valid gift are the intention of the donor to absolutely and irrevocably divest himself of the title, dominion, and control of the subject of the gift
 
 in praesenti
 
 at the very time he undertakes to make the gift; ... the irrevocable transfer of the present title, dominion, and control of the thing given to the donee, so that the donor can exercise no further act of dominion or control over it.
 

 Harmon v. Schmitz,
 
 39 S.W.2d 587, 589 (Tex. Comm’n App.1931, judgm’t adopted) (quoting
 
 Allen-West Comm’n Co. v. Grumbles,
 
 129 F. 287, 290 (8th Cir.1904)). Thus the requisite donative intent is established by, among other things, evidence that the donor intended an
 
 immediate and unconditional
 
 divestiture of his or her ownership interests and an immediate and unconditional vesting of such interests in the do-nee.
 
 See Wells v. Sansing,
 
 151 Tex. 36, 245 S.W.2d 964, 965 (Tex.1952);
 
 Edwards,
 
 38 S.W.3d at 197;
 
 Oadra v. Stegall,
 
 871 S.W.2d 882, 890 (Tex.App.-Houston [14th Dist.] 1994, no writ);
 
 Thompson,
 
 793 S.W.2d at 96;
 
 Akin,
 
 649 S.W.2d at 703.
 

 Here, Terry testified that Mrs. Broumley first purchased the CD’s about twenty years ago and renewed them from time to time as they matured. Terry used them as collateral on occasions for various loans, but there is no evidence that he ever withdrew any of the funds represented by the CD’s until eight days before Mrs. Broumley’s death. Terry testified that “[t]here were several instances” over the years when Mrs. Broumley discussed with him her intent that he have those funds “to use as [he] needed or as [he] pleased.” The last time they had such a conversation was at some unspecified time “before the bad days of her illness” when she started receiving hospice care.
 

 During this same period, Terry conceded that Mrs. Broumley retained the authority to cash the CD’s herself. She kept the CD’s in a lock box in her home where they remained until Terry retrieved them and cashed them at the bank.
 

 Under similar factual circumstances, Texas courts have consistently concluded that no gift of funds was made.
 
 See Hayes,
 
 65 S.W.3d at 289;
 
 McConathy v. McConathy,
 
 No. 05-95-01036-CV, 1997 WL 145172, at *4 (Tex.App.-Dallas Apr.1, 1997, writ denied) (not designated for publication);
 
 Dorman,
 
 932 S.W.2d at 227-28;
 
 Oadra,
 
 871 S.W.2d at 893;
 
 Akin,
 
 649 S.W.2d at 704-05;
 
 see also Ayers v. Mitch-
 

 [1]
 

 . Nipp testified that the initials "H. O.” referred to her father Herman Otis Broumley who died in 1978.
 

 [2]
 

 . Terry represented himself at trial. The court calculated this sum by applying the hourly rate testified to by Nipp's attorney to a delay in trial of two and one-half hours occasioned by Terry's inability to have a witness in court sooner.