ACCEPTED
02-15-00231-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/17/2015 8:48:27 AM
DEBRA SPISAK
CLERK

# No. 02-15-00231-CV

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/17/2015 8:48:27 AM
DEBRA SPISAK
Clerk

IN THE COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NORMAN CLARENCE TOLPO

*Appellant*

v.

MARY CRAVER DENNY

*Appellee*

Appeal from the 442nd Judicial District Court, Denton County, Texas

Cause No. 14-03723-362; Hon. Tiffany Haertling presiding

## APPELLEE MARY CRAVER DENNY'S BRIEF

**Loveless & Loveless, L.P.**

Curtis M. Loveless
Texas Bar No. 12607000
curtis@cmloveless.com
Darcy E. Loveless
Texas Bar No. 24013062
darcy@cmloveless.com
218 N. Elm St.
Denton, Texas 76201
(940) 387-3776 Ofc.
(940) 898-0196 Fax

**Michael J. Whitten & Associates, P.C.**

Adam T. Whitten
Texas Bar No. 24077199
adam@whittenlawfirm.com
218 N. Elm St.
Denton, TX 76201
(940) 383-1618 Ofc.
(940) 898-0196 Fax

Attorneys for Appellee Mary Craver Denny

**Oral Argument Not Requested**

# Identity of Parties and Counsel

**Appellant:**

Norman Clarence Tolpo

**Trial and Appellate Counsel (Lead)**
Frank A. Adams
Texas Bar No. 00855700
frankaadamspc@yahoo.com
**Law Office of Adams & Adams**
3280 Delaware Street
Post Office Drawer 7869
Beaumont, Texas 77726-7869
(409) 899-1900 Ofc.
(409) 892-3903 Fax

**Appellate Counsel (Co-Counsel)**
Bruce W. Cobb
Texas Bar No. 04431900
bwcobb54@gmail.com
**Conley & Schexnaider**
3280 Delaware
Beaumont, Texas 77703
(409) 899-3360 Ofc.
(409) 899-3372 Fax

**Appellee:**

Mary Craver Denny

**Trial and Appellate Counsel (Lead)**
Curtis M. Loveless
Texas Bar No. 12607000
curtis@cmloveless.com
Darcy E. Loveless
Texas Bar No. 24013062
darcy@cmloveless.com
**Loveless & Loveless, L.P.**
218 N. Elm St.
Denton, Texas 76201
(940) 387-3776 Ofc.
(940) 898-0196 Fax

**Appellate Counsel (Co-Counsel)**
Adam T. Whitten
Texas Bar No. 24077199
adam@whittenlawfirm.com
**Michael J. Whitten & Associates, P.C.**
218 N. Elm St.
Denton, TX 76201
(940) 383-1618 Ofc.
(940) 898-0196 Fax

# Table of Contents

Identity of Parties and Counsel .............................................................. i

Table of Contents .................................................................................... ii

Index of Authorities ............................................................................... v

Record Citations ................................................................................... ix

Statement of the Case ............................................................................ x

Statement Regarding Oral Argument .................................................... xi

Issues Presented .................................................................................. xii

Statement of Facts ................................................................................. 1

Summary of the Argument ..................................................................... 7

Argument ............................................................................................... 8

    **Issue (1) Restated: Did the trial court abuse its discretion when it limited Tolpo's presentation of evidence after Tolpo failed to follow discovery rules?** ...................................................................8

    (A) Tolpo failed to preserve error on the exclusion of evidence by tendering an offer of proof or bill of exception. ...............................8

    (B) Even if Tolpo preserved error, the trial court did not abuse its discretion in excluding evidence. ...................................................... 10

        (1) Standard of review. ....................................................................... 10

        (2) The trial court correctly excluded evidence not produced in discovery. .............................................................................. 11

    **Issue (2) Restated: Did the trial court abuse its discretion when it characterized Denny's condo as her separate property when she purchased it before the marriage with separate funds?** .................... 17

    (A) Standard of Review and Applicable Law ......................................... 17

**Issue (2)(a): Was there clear and convincing evidence of Denny's separate property ownership by inception of title?** ................... 20

**Issue (2)(b): Did Tolpo plead, present, and prove by clear and convincing evidence that Denny delivered a gift of the condo?** 21

(a) Applicable law on gifts and separate property. ........................ 21

(b) Denny's testimony does not prove the contents of the deed.. 23

(c) Tolpo did not plead and present clear and convincing evidence of a gift. ........................................ 26

**Issue (3) Restated: Does the trial court's failure to file findings of fact and conclusions of law create harmful error?** ............................. 28

(A) Tolpo did not preserve error by timely filing notice of past-due findings after the trial court modified the judgment. ...................... 28

(B) Tolpo was not harmed because he does not have to guess at the trial court's reasoning. ............................................................... 30

(C) If Tolpo was harmed, then this Court should abate the appeal and direct the trial court to remedy the error. ......................................... 32

**Issue (4) Restated: Was Denny entitled to her attorney's fees, and were they reasonable, necessary, and segregated?** ............................. 33

(A) Applicable Law and Standard of Review ......................................... 33

(B) Denny is entitled to her attorney's fees ............................................. 34

(C) Denny proved her attorney's fees and segregated them. .................. 36

Conclusion and Prayer ......................................................................... 39

Certificate of Compliance ................................................................... 40

Certificate of Service ........................................................................... 40

Appendix ............................................................................................... 41

(1)    Order Modifying Final Decree of Divorce (CR 131–143) ......... Tab 1

(2)    Denton County Local Rule 2.13 .................................................... Tab 2

# Index of Authorities

## Cases

*A.G. Edwards & Sons v. Beyer*, 235 S.W.3d 704 (Tex. 2007) .......................... 36

*Akin v. Santa Clara Land Co.*, 34 S.W.3d 334
(Tex. App.—San Antonio, 2000, pet. denied).................................................. 8

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*,
299 S.W.3d 106 (Tex. 2009) ........................................................................ 33

*Arthur Andersen v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997) ..... 36

*Bahr v. Kohr*, 980 S.W.2d 723
(Tex. App.—San Antonio 1998, no pet.).............................................22, 26, 27

*Barras v. Barras*, 396 S.W.3d 154
(Tex. App.—Houston [14th Dist.] 2013, pet. denied) .......................17, 19, 24

*Byrnes v. Byrnes*, 19 S.W.3d 556
(Tex. App.—Fort Worth 2000, no pet.)............................................................ 34

*Cameron v. Cameron*, 641 S.W.2d 210 (Tex. 1982)........................................... 17

*Cano v. Nino's Paint and Body Shop*, No 14-08-00033-CV
(Tex. App.—Houston [14th Dist.] Apr. 16, 2009)........................................ 13

*Chilton Ins. Co. v. Pate & Pate Enterprises, Inc.*,
930 S.W.2d 877 (Tex. App.—San Antonio, 1996)....................................... 37

*City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2013) (per curiam)............ 33

*Coker v. Coker*, 650 S.W.2d 391 (Tex. 1983) ................................................... 35

*Cornejo v. Jones*, No. 05-12-01256-CV, 2014 WL 316607,
(Tex. App.—Dallas Jan. 4, 2014, no pet.) ..................................................... 15

*Dallas Area Rapid Transit v. Morris*, 434 S.W.3d 752
(Tex. App.—Dallas 2014, pet. denied) ........................................................... 10

*Diaz v. Diaz*, 350 S.W.3d 251
(Tex. App.—San Antonio 2011, pet. denied)................................................. 33

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012) ..............................33, 36

*Estate of Finney*, 424 S.W.3d 608 (Tex. App.—Dallas 2013, no pet.)............. 10

*Galvan v. Galvan*, 534 S.W.2d 398
   (Tex. Civ. App.—Austin, 1976, writ dism'd) ................................................ 22

*Hayes v. Rinehart*, 65 S.W.3d 286
   (Tex. App.—Eastland 2001, no pet.*)* .......................................................21, 27

*Hoefker v. Elgohary*, 248 S.W.3d 326
   (Tex. App.—Houston [1st Dist.] 2007, no pet.)............................................ 38

*In re A.B.P.*, 291 S.W.3d 91 (Tex. App.—Dallas 2009, no pet.) ...................... 18

*In re A.M.*, 418 S.W.3d 830 (Tex. App.—Dallas 2013, no pet.).................... 9, 15

*In re Skarda*, 345 S.W.3d 665 (Tex. App.—Amarillo 2011, no pet.).........22, 27

*Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex. 1985).................................................... 17

*Jensen v. Jensen*, 665 S.W.2d 107 (Tex. 1984) .................................................... 18

*Lane Bank Equip. Co. v. Smith S. Equip., Inc.*,
   10 S.W.3d 308 (Tex. 2000) ........................................................................... 28

*Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014) (per curiam) .............................. 33

*Magness v. Magness*, 241 S.W.3d 910
   (Tex. App.—Dallas 2007, pet. denied)....................................................21, 26

*McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185 (Tex. 1984)............ 9

*Mecaskey v. Mills*, 8 S.W.2d 688
   (Tex. Civ. App—Fort Worth 1928, writ dism'd).......................................... 23

*Moroch v. Collins*, 174 S.W.3d 849
   (Tex. App.—Dallas 2005, pet. denied)....................................................18, 20

*Oscar Luis Lopez v. La Madeleine of Texas*, 200 S.W.3d 854
   (Tex. App.—Dallas 2006, no pet.)................................................................. 11

*Owens-Corning Fiberglas Corp. v. Malone*,
972 S.W.2d 35 (Tex. 1998) ...........................................................10, 15

*Perry v. S.N.*, 973 S.W.2d 301 (Tex. 1998) ....................................... 1

*Reaves v. Reaves*, No. 11-11-00026-CV, 2012 WL 3799668,
(Tex. App.—Eastland Aug. 31, 2012, no pet.) (mem. op.) ........................... 22

*Sabine Offshore Serv., Inc. v. City of Port Arthur*,
595 S.W.2d 840 (Tex. 1979) ...................................................... 1

*Sonnier v. Sonnier*,
331, S.W.3d 211 (Tex. App.—Beaumont 2011, no pet.) ............................. 29

*Stavinoha v. Stavinoha*, 126 S.W.3d 604
(Tex. App.—Houston [14th Dist.] 2004, no pet.) .......................... 19

*White v. Harris-White*, No. 01-07-00521-CV
(Tex. App.—Houston [1st Dist.] May 28, 2009) ..................... 30, 32

*Wiesner v. FBI*, 668 F. Supp. 2d 157 (D.D.C. 2009) ......................... 23

*Williams v. Cnty. of Dallas*, 194 S.W.3d 29
(Tex. App.—Dallas 2006, pet. denied) ..................................13, 14

## Constitutional Provisions

TEX. CONST. art. XVI, § 15 ..................................................... 18

## Statutes

TEX. FAM. CODE § 3.001 ....................................................18, 21

TEX. FAM. CODE § 3.003 ......................................................... 18

TEX. FAM. CODE § 6.708(c)...................................................33, 36

TEX. FAM. CODE § 6.709 ......................................................... 37

TEX. FAM. CODE § 6.711 .....................................................30, 31, 32

TEX. FAM. CODE § 7.001 ......................................................... 17

TEX. FAM. CODE § 7.006 ......................................................... 34

## Rules

DENTON CNTY. LOCAL R. 2.13 ................................................................ 15

TEX. R. APP. P. 33.1 .............................................................................. 34

TEX. R. APP. P. 33.2 ................................................................................ 9

TEX. R. APP. P. 38.2(a)(1)(B) ....................................................xi, xiii, 1

TEX. R. APP. P. 44.1(a) .......................................................................... 18

TEX. R. APP. P. 44.4 .............................................................................. 32

TEX. R. CIV. P. 193.6 ...................................................................11, 14, 15

TEX. R. CIV. P. 251 ................................................................................ 14

TEX. R. CIV. P. 296.............................................................................28, 30

TEX. R. CIV. P. 297.............................................................................28, 29

TEX. R. CIV. P. 298 ................................................................................ 30

TEX. R. CIV. P. 329b(g).......................................................................... 28

TEX. R. CIV. P. 329b(h).......................................................................... 28

TEX. R. EVID. 1004 ................................................................................ 23

TEX. R. EVID. 1007 ...........................................................................23, 25

TEX. R. EVID. 103(a)(2) .......................................................................... 8

## <u>Record Citations</u>

Appellee will cite the Clerk's Record as "CR [Page]."

Appellee will cite the Reporter's Record as "[Vol.] RR [Page]."

Appellee will cite the Appendix to this brief as "Apx. [Tab]."

Volume 4 of the Reporter's Record contains exhibits from the bench trial (Vol. 2) as well as exhibits from the post-trial motion to modify and motion for new trial (Vol. 3). To aid the Court and hopefully ease confusion, Appellee will cite the exhibits "[hearing volume] RR [Ex. #]."

For example, Petitioner's Exhibit 1 from the bench trial shall be cited as "2 RR Pet. Ex. 1," and Petitioner's Exhibit 2 from the post-trial hearing shall be cited as "3 RR Pet. Ex. 2."

# Statement of the Case

Denny is dissatisfied with Tolpo's statement of the case and presents the following for the Court's consideration. TEX. R. APP. P. 38.2(a)(1)(B).

| | |
|---|---|
| *Nature of the Case* | This is a divorce and property characterization case. |
| | Appellee Mary Craver Denny filed for divorce from Appellant Norman Clarence Tolpo. [CR 5–12 (Original Petition for Divorce)]. Tolpo filed only a general denial prior to rendition of judgment. [CR 13–14 (Respondent's Original Answer)]. The parties settled all issues between them except for issues related to Denny's condominium in Austin, Texas. [4 RR Pet. Ex. 2, Vol. 2 (Agreement Incident to Divorce)]. |
| *Trial Court* | 442nd Judicial District Court, Denton County, Texas, the Honorable Tiffany Haertling, presiding.[1] |
| *Course of Proceedings* | After a bench trial on April 28, 2015, Judge Haertling orally rendered judgment against Appellant and awarded Appellee the Austin condo as her separate property. [2 RR 103:20–23]. |
| *Trial Court's Disposition* | The trial court signed a Final Decree of Divorce on May 26, 2015. [CR 61–72]. On Appellee's motion, the trial court entered a modified final judgment on July 17, 2015 [CR 131–143]; Apx. 1. |

---

[1] The case was originally assigned to the 362nd Judicial District Court, Denton County, Texas, the Honorable Bruce McFarling, presiding. The case was administratively transferred from the 362nd to the 442nd. [CR 222].

## <u>Statement Regarding Oral Argument</u>

This is a divorce and property characterization case. Denny believes the law is settled and oral argument will not materially benefit the Court. Denny reserves the right to appear and argue if the Court sets the matter for oral submission.

## **Issues Presented**

Denny is dissatisfied with Tolpo's issues presented and presents the following issues for the Court's consideration. TEX. R. APP. P. 38.2(a)(1)(B).

(1) Did the trial court abuse its discretion when it limited Tolpo's presentation of evidence after Tolpo failed to follow discovery rules?

(2) Did the trial court abuse its discretion when it characterized Denny's condo as her separate property when she purchased it before the marriage with separate funds?

(a) Was there clear and convincing evidence of Denny's separate property ownership by inception of title?

(b) Did Tolpo plead, present, and prove by clear and convincing evidence that Denny delivered a gift of the condo?

(3) Does the trial court's failure to file findings of fact and conclusions of law create harmful error?

(4) Was Denny entitled to her attorney's fees, and were they reasonable, necessary, and segregated?

**TO THE HONORABLE SECOND COURT OF APPEALS:**

Appellee Mary Craver Denny respectfully files her Brief and would show the Court the following:

## Statement of Facts

Denny is dissatisfied with Tolpo's statement of facts and presents the following for the Court's consideration.[2] TEX. R. APP. P. 38.2(a)(1)(B).

This is a divorce and property characterization case. Denny married Norman Clarence Tolpo on or about May 6, 2005. [2 RR 24:17–19]. Tolpo threatened to divorce Denny on several occasions. [2 RR 27:12–28:5]. Denny eventually filed for divorce on May 15, 2014. [CR 5–12]. Tolpo only filed a general denial in response. [CR 13–14].

The parties entered into an Agreement Incident to Divorce confirming most of the parties separate property and dividing any community or mixed character property. [2 RR Pet.'s Ex. 2]. The only remaining issues between the two related to Denny's condominium in Austin, Texas.

---

[2] Tolpo's statement of facts (and brief at large) is replete with references to discussions in chambers, settlement negotiations, and other matters not presented at trial or at the post-trial hearing. Such references are outside the record of this appeal and this Court should ignore them. *See e.g., Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998) ("We may not consider factual assertions that appear solely in the appellate briefs and not before the trial court.") *and Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction.").

Denny bought her condo from Don and Ann Windle in 1993, twelve years before the marriage. [2 RR Pet.'s Ex. 8]. Denny paid cash for her condo. [2 RR 26:2–7]. Denny paid all the expenses on her condo during the marriage. [2 RR 32:24–33:10 & 2 RR Pet. Ex. 6].

At the time Tolpo filed his answer, his attorney confirmed that Tolpo believed Denny's condo was her separate property. [2 RR Pet. Ex. 9; "He prefers not to get a divorce but if a divorce must happen, there is only one significant piece of community property and that is a mortgage on a building on Guadalupe Street in downtown Austin. Mr. Tolpo also has some pictures hanging on the walls *in Ms. Denny's condominium in Austin.*"] (emphasis added).

The Agreement Incident to Divorce allowed, but did not obligate, the parties to pursue any claims it wished regarding Denny's condo: "The parties agree and stipulate that either party may assert any claim, liability, debt obligation, action or causes of action of any kind relating to or arising from the ownership and liabilities of the Westgate condominium described herein below as [legal description of Denny's condo]." [2 RR Pet. Ex. 2, p. 11, ¶ 3.17].

After the Agreement Incident to Divorce, Denny filed a First Amended Petition for Divorce asserting that the condo was her separate property, or alter-

natively, to divide any community interest in a manner that was just and equitable. [CR 19–31, ¶ 10]. Tolpo continued to rely on his previously-filed general denial.

To gather evidence regarding the marital estate and condo specifically, Denny sent Tolpo several routine discovery requests. [CR 15–18 (Certificates of Written Discovery); 2 RR Pet. Ex. 1]. Tolpo failed to respond causing Denny to file a motion to compel. [CR 34–49]. Afterwards, Tolpo and Denny entered into a Rule 11 Agreement setting Tolpo's deposition. [CR 50]. Tolpo untimely moved to quash the deposition three days beforehand, but did not secure a hearing or ruling. [CR 51–56].

Thereafter, Tolpo and Denny agreed to a final trial setting and had a special setting with the trial court for April 28, 2015. [CR 57–58 (Notice of Final Trial Setting); 2 RR 6:4–10 (special setting) & 9:9–15 (agreed setting)]. Despite the agreed setting, Tolpo announced not ready and orally moved for a continuance, which the trial court denied. [2 RR 6:14–16 (oral motion), 10:3–4 (continuance denied)].

Denny testified on direct examination that Tolpo's health and violent temper caused strife in the marriage. [2 RR 27:2–11]. She testified about her ownership of the condo and payment of expenses, totaling over $60,000 during the marriage. [2 RR 32:24–33:10, 34:11–18 & 2 RR Pet. Ex. 6]. Denny read into

evidence the letter from Tolpo's counsel that stated he believed the condo to be Denny's. [2 RR 36:19–24 & 2 RR Pet. Ex. 9]. She also testified that Tolpo, on several occasions, stated that the condo was hers. [2 RR 36:25–37:10]. She testified that she never intended to convey Tolpo an interest in the condo. [2 RR 38:19–39:4]. Denny testified on cross examination that she intended to retain all interest in her condo. [2 RR 52:4–7]. She also testified that Tolpo at first was not asserting a claim to her condo. [2 RR 57:20–22].

During Denny's cross examination, Tolpo attempted to question Denny on a deed of a partial interest in her condo. Denny objected. After a review of the objections and discovery requests, the trial court sustained Denny's objection as a discovery sanction and violation of local rules. [2 RR 45:5–49:13]. Tolpo again attempted to get questions in regarding the deed, which the court denied. [2 RR 65:24–67:16].

After the conclusion of evidence and argument at bench trial, the trial court orally awarded Denny's condo to her as her separate property. [2 RR 103:20–23]. The trial court signed a Final Decree of Divorce on May 26, 2015. [CR 61–71].

Denny filed a Motion for Temporary Orders Pending Appeal requesting payment of certain condominium expenses during appeal, as well as appellate attorney's fees. [CR 77–78]. Denny also filed a Motion to Modify, Reform, or Correct the Judgment, asking the Court to modify the judgment to include conditional appellate attorney's fees and for reimbursement to Denny for damages to her condo caused by Tolpo. [CR 79–81]. The Court modified the judgment to include appellate attorney's fees and an award of $4,536.32 to Denny for damages to the condo caused by Tolpo. [3 RR 41:19–42:12 (oral rendition of damages); CR 128 (order); CR 131–143 (modified judgment)]. The trial court's modified final judgment:

- Confirms the parties' Agreement Incident to Divorce;

- Awards the condo as Denny's separate property;

- Awards Denny $4,536.32 for damages to the condo[3]; and

- Awards Denny both attorney's fees of $7,500 for trial and conditional attorney's fees on appeal.

[CR 131–143].

---

[3] Tolpo admitted he owed these charges. [2 RR 93:10-25].

After the April 28 trial, Tolpo requested findings of fact and conclusions of law, but the trial court did not file any. [CR 75–76 & 115–16]. Tolpo also filed an Amended Answer without leave of the trial court 64 days after oral rendition of judgment and 36 days after entry of the original written final decree, for the first time filing a written pleading asserting the condo was his one-half separate property through gift. [CR 96–99]. Tolpo also filed a motion for new trial. [CR 82–95]. The trial court denied Tolpo's motion for new trial. [3 RR 19:25–20:1; CR 127]. Tolpo timely filed his notice of appeal. [CR 129].

## Summary of the Argument

Tolpo failed to preserve error on the exclusion of evidence because he did not tender an offer of proof and the record does not contain a bill of exception. Even if he did preserve error, the trial court did not abuse its discretion when it limited Tolpo's presentation of the evidence because Tolpo did not follow well-established rules for discovery and presentation of exhibits.

The trial court did not abuse its discretion when it characterized Denny's condo as her separate property. Denny bought the Westgate Condo twelve years before the marriage with her separate funds. Denny presented clear and convincing evidence to rebut the presumption that the Condo was community property. Tolpo failed to plead, prove, or present clear and convincing evidence that any conveyance of an interest in the condo was a gift from Denny to Tolpo.

The trial court's failure to file findings of fact and conclusions of law do not create harmful error because Tolpo is able to present his appeal. Alternatively, the correct remedy is for this Court to abate this appeal.

The trial court did not abuse its discretion in awarding Denny her attorney's fees. Denny pleaded, proved, and segregated her fees.

**Argument**

This Court should affirm the trial court's judgment in all things.

***Issue (1) Restated: Did the trial court abuse its discretion when it limited Tolpo's presentation of evidence after Tolpo failed to follow discovery rules?***

No. First, Tolpo failed to preserve error. Second, even if he did preserve error, the trial court did not abuse its discretion in limiting Tolpo's presentation of evidence because Tolpo failed to respond to routine discovery, failed to appear at an agreed deposition, failed to follow established witness and exhibit procedures, and failed to file a written motion for continuance.

### *(A) Tolpo failed to preserve error on the exclusion of evidence by tendering an offer of proof or bill of exception.*

Tolpo's second issue complains about the exclusion of a deed from Denny to Tolpo allegedly conveying a 1/2 interest in the Austin condo. But Tolpo failed to preserve error on the excluded evidence and has therefore waived this complaint.

Tolpo failed to tender an offer of proof at trial. TEX. R. EVID. 103(a)(2). A complaining party does not preserve error of excluded evidence "unless the substance of the evidence is made known to the court by offer, or was apparent from the context within the questions were asked." *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex. App.—San Antonio, 2000, pet. denied). "Without an of-

fer of proof, the appellate court cannot determine whether the exclusion of evidence was harmful." *In re A.M.*, 418 S.W.3d 830, 840 (Tex. App.—Dallas 2013, no pet.) (citing *Perez v. Lopez*, 74 S.W.3d 60, 66 (Tex. App.—El Paso 2002, no pet.)). Not once does the record reflect that Tolpo requested to tender an offer of proof. Tolpo attempted to question Denny about the deed, but the trial court repeatedly sustained objections to those questions. Tolpo failed to request leave to tender an offer of proof about the questions or the deed.

The record before this Court does not show that Tolpo requested or the trial court permitted him to file a formal bill of exception. TEX. R. APP. P. 33.2. A bill of exception is necessary to preserve error of matters outside the record. *Id.* Because the record before this Court does not contain a formal bill of exception, the excluded deed is not before this Court for review.

This Court cannot reach the question of whether evidence was erroneously excluded unless the excluded evidence is included in the record for its review via offer of proof or bill of exception. *See McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984), *aff'd*, 977 S.W.2d 562 (Tex. 1998). Tolpo's failure to follow basic rules and procedures by tendering an offer of proof or bill of exception precludes this Court's review on appeal.

## (B) Even if Tolpo preserved error, the trial court did not abuse its discretion in excluding evidence.

The trial court did not abuse its discretion in excluding evidence of Tolpo's alleged gift theory. Tolpo failed to follow discovery deadlines, failed to appear at deposition, and failed to follow local rules for the exchange of exhibits before trial. The trial court acted within its discretion. This Court should affirm.

### (1) Standard of review.

The court of appeals reviews the trial court's admission or exclusion of evidence under an abuse of discretion standard. *Estate of Finney*, 424 S.W.3d 608, 612 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion when it rules "without regard for any guiding rules or principles." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A judgment will not be reversed based on the admission or exclusion of evidence unless the appellant establishes that the trial court's ruling was error and the error probably caused the rendition of an improper judgment. *Id.* When reviewing whether the evidence was properly admitted or excluded, the appellate court must review the entire record. *Dallas Area Rapid Transit v. Morris*, 434 S.W.3d 752, 763 (Tex. App.—Dallas 2014, pet. denied). The appellate court must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. *Malone*, 972 S.W.2d at 43.

### *(2) The trial court correctly excluded evidence not produced in discovery.*

Tolpo attempted to put a document into evidence after he failed to respond to discovery requests and to follow established local rules to exchange exhibits before trial. The trial court excluded the document and testimony regarding it because of these violations. The trial court acted within the parameters of established procedural rules and thus did not abuse its discretion.

Texas Rule of Civil Procedure 193.6 mandates the exclusion of evidence when a party fails to timely respond to discovery. TEX. R. CIV. P. 193.6. The rule provides an exception where the party seeking to introduce evidence shows good cause or that the evidence will not "unfairly surprise or unfairly prejudice the other parties." TEX. R. CIV. P. 193.6(a)(1)–(2). The burden rests on the party seeking to introduce evidence. TEX. R. CIV. P. 193.6(b). The trial court's ruling must be supported by the record. TEX. R. CIV. P. 193.6(c). "[Rule 193.6] applies when the existence of evidence was not disclosed in a timely manner, whether or not such evidence related to an issue both parties knew existed in the case." *Oscar Luis Lopez v. La Madeleine of Texas*, 200 S.W.3d 854, 862 (Tex. App.—Dallas 2006, no pet.).

Tolpo's brief appears to abandon any arguments related to good cause. That is because he had none. Tolpo totally failed to respond to timely discovery

requests that would have required production of the deed. Tolpo failed to attend an agreed upon deposition where he could have been questioned about the alleged gift by deed. Tolpo failed to exchange exhibits prior to trial. Tolpo attempted to continue an agreed, specially set trial. Tolpo exercised his obstreperousness at every turn of the proceedings in an attempt to avoid trial. He had no good cause for failing to produce the document before trial, and he knew it.

Tolpo instead argues that introduction of the document would not work unfair surprise or prejudice to Denny. But Tolpo's argument that there was no trial by ambush is not supported by the case law and the record.

The record contains Denny's Request for Production, [2 RR Pet. Ex. 1], the Rule 11 agreement setting Tolpo's deposition, [2 RR Pet. Ex. 3], Tolpo's motion to continue the deposition, [2 RR Pet. Ex. 4], and her motion to compel, [2 RR Pet. Ex. 5]. The Rule 11 Agreement limited the requests for production to documents related to Denny's condo. [2 RR Pet. Ex. 3 ("I only want documents pertaining to the claims regarding the Austin condominium")]. In reviewing the documents and Denny's objection, the trial court asked Tolpo whether the document was ever produced in discovery, to which he replied "no." [2 RR 47:20–49:13]. The trial court denied the introduction of the document because it was not produced in discovery. *Id.* The record thus supports the trial court's exclusion of the document.

Likewise, the case law does not support Tolpo's argument. Tolpo relies on both *Cano v. Nino's Paint and Body Shop*, No 14-08-00033-CV (Tex. App.—Houston [14th Dist.] Apr. 16, 2009) and *Williams v. Cnty. of Dallas*, 194 S.W.3d 29, 32-33 (Tex. App.—Dallas 2006, pet. denied), for the proposition that the trial court's admission of documents not produced in discovery does not work unfair surprise or prejudice when "both parties had actual knowledge of the document." But Tolpo misstates the law, and *Cano* and *Williams* are distinguishable.

The *Williams* court affirmed the admittance of tax statements not produced in discovery because the county's pleadings had put Williams on notice of the issues and property in dispute, attached as an exhibit a statement for most of the tax years in question, and stated that the suit covered all delinquent taxes owed at time of trial. *Williams*, 194 S.W.3d at 32-33. The *Cano* court, relying on *Williams*, applied the same logic, ruling that the trial court did not err admitting five documents not produced in discovery because the same documents were attached to the defendant's pleadings. *Cano*, No 14-08-00033-CV.

Here, Tolpo filed only a general denial before trial. [CR 13–14]. He did not attach exhibits. The general denial does not contain any affirmative pleading regarding Tolpo's separate property theory of gift. So unlike *Williams* and *Cano*,

Tolpo provided no notice of his theories and no notice of his supporting documentation before the trial date. The trial court therefore was well-within its bounds to exclude the evidence.

Tolpo also misstates where the prejudice should fall, claiming that the exclusion of the document works unfair prejudice to him. But the Rule states plainly that the trial court must find that introduction of the evidence would not "unfairly prejudice *the other parties*," not the party moving its admission. TEX. R. CIV. P. 193.6(a)(2) (emphasis added); *Williams*, 194 S.W.3d at 32-33. The "unfair prejudice" to Tolpo was due entirely to his own conduct and is of no consequence in this Court's review.

Tolpo finally argues that the trial court should have granted a continuance so that Tolpo could formally disclose the document. Appellant's Brief at 23–24; *see* TEX. R. CIV. P. 193.6(c). This is incorrect for two reasons. First, Tolpo requested a continuance based on alleged health reasons of the client and his pronouncement that he was not ready for trial. [2 RR 5:19–6:16]. The trial court denied continuance. [2 RR 10:3–4]. Tolpo never requested a continuance under Rule 193.6 after the trial court excluded the document he sought to admit. Second, Tolpo presented only an oral motion for continuance, which does not comply with the rules. *See* TEX. R. CIV. P. 251. Thus, Tolpo failed to preserve error

on any complaint about a continuance. *In re A.M.*, 418 S.W.3d at 838 (citing *Strong v. Strong*, 350 S.W.3d 759, 762 (Tex. App.—Dallas 2011, pet. denied)).

Additionally, the trial court did not abuse its discretion when it excluded the document based on Denton County Local Rule 2.13, which requires the exchange of witness lists, exhibit lists, and exhibits prior to trial. *See* Apx. 2, DENTON CNTY. LOCAL R. 2.13[4]. The local rule authorizes the trial court to exclude witnesses and exhibits not exchanged prior to trial. *Id.* The trial court did exactly that and excluded the document because Tolpo did not exchange it prior to trial. [2 RR 39:13–40:2].

The trial court correctly excluded the document and testimony. The trial court expressly referred to guiding rules and principles in doing so and did not err in its application of those rules and principles. *Malone*, 972 S.W.2d at 43. The trial court therefore did not abuse its discretion in excluding the document under both TEX. R. CIV. P. 193.6 and DENTON CNTY. LOCAL R. 2.13. *See Cornejo v. Jones*, No. 05-12-01256-CV, 2014 WL 316607, at *3 (Tex. App.—Dallas Jan. 4, 2014, no pet.) (mem. op.) (stating that the trial court "possesses no discretion"

---

[4] In practice, local practitioners exchange these the Friday before trial unless a scheduling order requires otherwise.

in excluding evidence absent showing of good cause or unfair surprise or preju-

dice). This Court should thus affirm the exclusion of the document and testimony

related to it.

***Issue (2) Restated: Did the trial court abuse its discretion when it character-
ized Denny's condo as her separate property when she purchased it before
the marriage with separate funds?***

No. The property was presumed community and each side must present
clear and convincing evidence that it was their separate property. Denny pre-
sented clear and convincing evidence that she purchased the condo before mar-
riage, defeating the community property presumption. But Tolpo failed to plead,
present, and prove by clear and convincing evidence that Denny gifted him an
undivided 1/2 interest in the condo. This Court should therefore affirm.

## (A) Standard of Review and Applicable Law

In a decree of divorce, a trial court must "order a division of the estate of
the parties in a manner that the court deems just and right." TEX. FAM. CODE
§ 7.001. Only the community property of the parties is subject to division. *Jacobs
v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). To determine whether the trial court
erred in characterizing property, a reviewing court applies an abuse of discretion
standard.[5] *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th
Dist.] 2013, pet. denied). Under an abuse of discretion standard, the legal and

---

[5] Tolpo cites *Cameron v. Cameron*, 641 S.W.2d 210, 220 (Tex. 1982), to argue that
this Court conducts a de novo review of the characterization of marital assets. Appellant's Brief
at 16. *Cameron*, decided before the Legislature enacted TEX. FAM. CODE § 3.001, involved
characterization and division of personal property assets acquired in both community property
and common law property states. Nowhere in *Cameron* does the Court state that review of
characterization is de novo. The correct standard of review is abuse of discretion.

factual sufficiency of the evidence are not independent grounds of error, but relevant factors for determining whether the trial court abused its discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). To determine whether the trial court abused its discretion the reviewing court considers whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). Based on the elicited evidence the appellate court determines whether the trial court made a reasonable decision. *Id.* An abuse of discretion generally does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *Id.* If an abuse of discretion is shown, a reviewing court considers whether the error was harmless. *See* Tex. R. App. P. 44.1(a).

It is presumed that property possessed by spouses on the dissolution of marriage is community property. Tex. Fam. Code § 3.003(a). But the presumption is overcome by clear and convincing evidence that the asset is the separate property of a spouse. *Id.* at § 3.003(b). Property a spouse owns before marriage is separate property. Tex. Const. art. XVI, § 15; Tex. Fam. Code § 3.001(2). The separate or community character of property is determined by tracing the inception of title to the property. *Jensen v. Jensen*, 665 S.W.2d 107, 109 (Tex. 1984).

"The spouse claiming the separate nature of certain property must trace and clearly identify the property claimed to be separate." *Barras*, 396 S.W.3d at 163 (citing *Graves v. Tomlinson*, 329 S.W.3d 128, 139 (Tex. App.—Houston [14th Dist.] 2010, pet. denied)). A spouse claiming separate property must prove its case through clear and convincing evidence. *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 607 (Tex. App.—Houston [14th Dist.] 2004, no pet.). When reviewing the sufficiency of a separate property finding, a reviewing court is

> instructed to look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. Looking at the evidence in the light most favorable to the finding means that [the reviewing court] must (1) assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so, and (2) disregard all contrary evidence that a reasonable fact finder could have disbelieved or found to have been incredible. However, [the reviewing court is] not required to disregard undisputed facts that do not support the finding, because that might skew a clear and convincing analysis. If [the reviewing court] determine[s] that no reasonable fact finder could form a firm belief or conviction of the truth of the matter to be proved, [the reviewing court] must conclude that the evidence is legally insufficient.

*Id.* at 607 (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). "As a general rule, the clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when such testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property." *Barras*, 396 S.W.3d at 164.

## Issue (2)(a): Was there clear and convincing evidence of Denny's separate property ownership by inception of title?

Yes. This is undisputed. Denny purchased her condo 12 years before her marriage to Tolpo. [2 RR Pet.'s Ex. 8]. Denny paid cash for her condo. [2 RR 26:2–7]. Tolpo does not dispute this and the deed was admitted without objection. [2 RR 26:16–19]. Denny paid all the expenses on her condo during the marriage. [2 RR 32:24–33:10 & 2 RR Pet. Ex. 6]. The trial court therefore did not err in finding that Denny presented clear and convincing evidence tracing the inception of title of the condo to rebut the presumption that it was community property. *Moroch*, 174 S.W.3d at 856 (citing *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973)).

## Issue (2)(b): Did Tolpo plead, present, and prove by clear and convincing evidence that Denny delivered a gift of the condo?

No. Tolpo did not plead the condo was his separate property by gift, and regardless, he did not present clear and convincing evidence establishing Denny made a gift of the condo. Tolpo failed to prove his case. This Court should affirm.

### *(a) Applicable law on gifts and separate property.*

Property a spouse acquired during marriage by gift is separate property. TEX. FAM. CODE § 3.001(2). A deed for property from one spouse as grantor to the other spouse as grantee creates a rebuttable presumption that the grantee spouse received the property as separate property by gift. *Magness v. Magness*, 241 S.W.3d 910, 913 (Tex. App.—Dallas 2007, pet. denied). A gift is a transfer of property made voluntarily and gratuitously, without consideration. *Id.* The existence of a gift requires sufficient proof of: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Hayes v. Rinehart*, 65 S.W.3d 286, 289 (Tex. App.—Eastland 2001, no pet.*).*

The intent of the donor is the principal issue in determining whether a gift was made. *Id.* at 289. The spouse opposing gift may rebut the presumption of a gift by offering evidence of fraud, accident, or mistake in the conveyance. *Magness*, 241 S.W.3d at 912–13. The opposing spouse may also rebut the presumption through parole evidence that the deed was not intended as a gift when the

deed contains no specific recitals to that effect. *Bahr v. Kohr*, 980 S.W.2d 723, 726–27 (Tex. App.—San Antonio 1998, no pet.); *accord Galvan v. Galvan*, 534 S.W.2d 398, 400 (Tex. Civ. App.—Austin, 1976, writ dism'd) (citing *Hampshire v. Hampshire*, 485 S.W.2d 314 (Tex. Civ. App.—Fort Worth 1972, no writ)) *and Reaves v. Reaves*, No. 11-11-00026-CV, 2012 WL 3799668, at *6–7 (Tex. App.—Eastland Aug. 31, 2012, no pet.) (mem. op.).

> 'Whether property given by one spouse to the other is a gift and the recipient's separate property is a fact-intensive decision.' A trial court, sitting as trier of fact, is the sole judge of the credibility of the witnesses and the weight assigned their testimony. As such, the trial court may consider all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony.

*In re Skarda*, 345 S.W.3d 665, 671–72 (Tex. App.—Amarillo 2011, no pet.) (citations omitted).

### (b) Denny's testimony does not prove the contents of the deed.

Tolpo misplaces his reliance on *Mecaskey v. Mills*, 8 S.W.2d 688, 690 (Tex. Civ. App—Fort Worth 1928, writ dism'd), and TEX. R. EVID. 1007. *Mecaskey* holds that an exception to the best evidence rule exists when a party makes an admission of the contents of a document. *Mecaskey*, 8 S.W.2d at 690. Rule of Evidence 1007 essentially codified this common-law principle and states, "The proponent may prove the content of a writing, recording, or photograph by the testimony, deposition, or written statement of the party against whom the evidence is offered. The proponent need not account for the original." TEX. R. EVID. 1007.[6] The rule therefore requires the testimony of the contents to come from the opposing party. But the record reflects that Denny never testified about the *contents* of the deed, and the admissible portions of her testimony do not support Tolpo's claim.

---

[6] Rule 1007, an exception to TEX. R. EVID. 1002, is identical to its federal counterpart, but Denny can locate scant case law on the rule at either level. One federal case indicates that Rule 1004 provides a gate-keeping function by first requiring certain conditions to be met before authorizing secondary evidence to prove the contents of a writing. *See Wiesner v. FBI*, 668 F. Supp. 2d 157, 159–60 (D.D.C. 2009) (suggesting that documents must be unavailable under FED. R. EVID. 1004 before contents admissible under Rule 1007). If Rule 1004 is indeed a prerequisite to Rule 1007, Tolpo fails to meet that burden. *See* TEX. R. EVID. 1004 (stating original not required if is it (1) lost or destroyed; (2) cannot be obtained by judicial process; (3) is not located in Texas; (4) in the control of the other party; or (5) not closely related to the controlling issue). The document at issue does not meet any of those requirements. But even if Rule 1004 is not applicable, Tolpo's argument still fails based on the plain language of Rule 1007.

Denny testified that she did not intend to convey Tolpo an interest but she put him on a deed "so that if [she] died, he'd have a place to live." [2 RR 38:21–22]. She testified to her signature on a deed, but it was never admitted into evidence. [2 RR 44:13–14]. Afterward, the trial court excluded the deed and future testimony regarding it. [2 RR 49:9–13]. Denny therefore never testified about the contents of the deed. Specifically, Denny never testified about the interest transferred, whether it was transferred as a gift, whether it was transferred to the community estate or to Tolpo's separate estate, or any other contents of the document. Additionally, the trial court specifically did not review the contents of the deed before Tolpo offered it into evidence. [2 RR 44:6–7 ("Court: Here. You can take this one because I shouldn't have it.")].

After the trial court's evidentiary ruling on the admissibility of the deed, Tolpo testified about his belief in a one-half ownership due to an oral agreement. [2 RR 93:3–6]. But this self-serving testimony does not satisfy Rule 1007 or *Mecaskey*. *See also Barras*, 396 S.W.3d at 164 ("As a general rule, the clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when such testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property."). Under the plain language of Rule 1007 the contents of the document were not testified to by "the party against whom the evidence is

offered." TEX. R. EVID. 1007. *Mecaskey* likewise does not provide relief. More-over, Tolpo's attorney affirmed in a letter that the condo was Denny's. [2 RR Pl. Ex. 9]. Tolpo's reliance is therefore misplaced, and this Court should affirm.

### (c) Tolpo did not plead and present clear and convincing evidence of a gift.

"A party asserting separate property has the burden of rebutting the community property presumption by clear and convincing evidence." *Bahr*, 980 S.W.2d at 726–27. To prove his case of separate property by gift Tolpo had to present clear and convincing evidence that (1) Denny intended to make a gift of an interest in the condo; (2) Denny delivered the interest in the condo to Tolpo; and (3) Tolpo accepted the interest in the condo. *Magness*, 241 S.W.3d at 913. If the deed was in evidence, then Tolpo would be entitled to a rebuttable presumption that the deed created a gift. *Id.*. Since the trial court excluded the document, Tolpo is not entitled to that presumption. Tolpo failed to produce clear and convincing evidence of any of the elements of gift, and this Court should affirm.

Tolpo could not establish donative intent because Denny's testimony is unequivocal: She did not intend to convey an ownership interest in her condo to Tolpo, certainly did not intend a gift, and intended to retain the entire condo for herself. [2 RR 38:16–39:4, 52:4–7]. Furthermore, Denny's testimony that she paid all the expenses on the condo during the marriage from her separate property is evidence that refutes both donative intent and intent to deliver an interest. [2 RR 32:24–33:10 & 2 RR Pet. Ex. 6]. Lastly, Tolpo's own admissions that he forgot about any interest in the condo and his attorney's admissions that the condo was Denny's neutralizes any proof in the record that Tolpo accepted any

conveyance of an interest. [2 RR 84:8–11; 2 RR Pet. Ex. 9]. The intent of the donor is the principal issue in determining whether a gift was made. *Hayes*, 65 S.W.3d at 289. Because of the foregoing evidence the trial court did not abuse its discretion in concluding no gift existed and the condo was Denny's separate property.

But even if the trial court admitted the deed into evidence it was still within its discretion to award Denny her condo as her separate property. When a "deed does not expressly recite the character and use of the property . . . the parol evidence rule does not prevent introduction of evidence to rebut the presumptions of community property and gift." *Bahr*, 980 S.W.2d at 727. In a bench trial the court is the sole judge of the credibility of the witnesses and the weight assigned their testimony. *In re Skarda*, 345 S.W.3d at 671–72. The trial court's acceptance of Denny's testimony and rejection of Tolpo's testimony holds up to rebut the presumption of a gift.

Tolpo did not meet his burden of clear and convincing evidence of a gift. This Court should therefore affirm.

*Issue (3) Restated: Does the trial court's failure to file findings of fact and conclusions of law create harmful error?*

No. Tolpo failed to timely file notice of past-due findings and thus waived error. Even if he did, Tolpo did not suffer harmful error because the record shows he was he was not prevented from arguing his appeal. In the alternative, if there is harmful error, the appropriate remedy is to abate this appeal with instructions for the trial court to file findings and supplement the record.

### (A) Tolpo did not preserve error by timely filing notice of past-due findings after the trial court modified the judgment.

Tolpo timely requested findings of fact and conclusions of law and timely filed a notice of past due findings *from the original judgment*. But the trial court modified the judgment, restarting the timetables. Tolpo thus failed to timely file notice of past-due findings and has waived error.

A motion to modify the judgment delays the date the judgment becomes final. Tex. R. Civ. P. 329b(g); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312–13 (Tex. 2000). Any modification of the judgment made while the trial court retains plenary power restarts the appellate timetables. Tex. R. Civ. P. 329b(h); *see Lane Bank Equip. Co.*, 10 S.W.3d at 312–13.

A party must request findings of fact and conclusions of law within 20 days of the judgment. Tex. R. Civ. P. 296. If the court does not file them, the party must file a notice of past due findings. Tex. R. Civ. P. 297. Failure to file a

notice of past due findings waives appellate complaint. *Sonnier v. Sonnier*, 331, S.W.3d 211, 214 (Tex. App.—Beaumont 2011, no pet.). In that situation the court of appeals presumes all findings necessary to support the judgment. *Id.*

Denny filed a motion to modify, correct, or reform the judgment, [CR 79], which the trial court granted. The trial court signed the modified judgment on July 17, 2015. [CR 131][7]. Because Tolpo filed his request for findings of fact prematurely to the modified judgment, they are deemed filed on the day of the modified judgment. TEX. R. CIV. P. 306c. But Tolpo failed to re-file his notice of past due findings by August 16, 2015, thirty days after the filing of his request. TEX. R. CIV. P. 297. It would make no sense to rule that the previously-filed notice of past due findings was timely based on Rule 306c because the findings were not past-due on July 17. Tolpo has therefore waived his appellate complaint, and this Court should presume all findings necessary to support the judgment. *Sonnier*, 331, S.W.3d at 214.

---

[7] Denny calculates the trial court's original deadline to file the findings, 40 days from the original request, as July 18, 2015.

## (B) Tolpo was not harmed because he does not have to guess at the trial court's reasoning.

This is not a situation where a party is left to guess the trial court's reasoning regarding multiple parties, claims, and issues. This two-party case presented the trial court with one primary issue, and the trial court ruled in Denny's favor.

At the request of a party, the trial court must file findings of fact and conclusions of law concerning the characterization and value of the marital estate. TEX. FAM. CODE § 6.711; TEX. R. CIV. P. 296, 298. An appellant is presumptively harmed by the trial court's failure to file sufficient findings unless the face of the record reflects that the appellant was not harmed. *White v. Harris-White*, No. 01-07-00521-CV (Tex. App.—Houston [1st Dist.] May 28, 2009) (citing *Panchal v. Panchal*, 132 S.W.3d 465, 466–67 (Tex. App.—Eastland 2003, no pet.). "The failure to make sufficient findings of fact becomes harmful error when the appellant is prevented from making an appeal." *Id.* "The remedy for such a harmful error is for the reviewing court to abate the appeal." *Id.* "The controlling issue is whether the circumstances of the particular case require the appellant to guess at the reasons for the trial court's decision." *Id.*.

Section 6.711 instructs the trial court to file findings of fact and conclusions of law concerning "(1) the characterization of each party's assets, liabilities, claims, and offsets on which disputed evidence has been presented; and (2) the

value or amount of the community estate's assets, liabilities, claims, and offsets on which disputed evidence has been presented." TEX. FAM. CODE § 6.711(a).

In light of the Agreement Incident to Divorce, the parties presented disputed evidence over one issue: Is Denny's condo her separate property, or does it hold another character? Denny's case was plain—she bought her condo 12 years before the marriage. And the trial court agreed.

Tolpo does not have to guess at the evidence or legal theories involved. The trial court as fact finder weighed the credible evidence in Denny's favor and against Tolpo, applying the law that property purchased before marriage is separate property. The case distills to that. The circumstances of this case do not require Tolpo to guess beyond this.

**(C) If Tolpo was harmed, then this Court should abate the appeal and direct the trial court to remedy the error.**

If the Court concludes there is harmful error by the trial court's failure to file findings of fact and conclusions of law under TEX. FAM. CODE § 6.711, then the correct remedy is for this Court to abate this appeal with instructions to the trial court to file the required findings. *White*, No. 01-07-00521-CV (citing *Panchal v. Panchal*, 132 S.W.3d 465, 467 (Tex. App.—Eastland 2003, no pet.).

In the alternative to a resolution on the merits as argued above, if the Court concludes that Tolpo correctly requested findings of fact and conclusion of law, then Denny moves the Court to abate this appeal and instruct the trial court to file findings of fact and conclusions of law compliant with TEX. FAM. CODE § 6.711. *See* TEX. R. APP. P. 44.4 (authorizing court of appeals to direct trial court to correct remediable error).

***Issue (4) Restated: Was Denny entitled to her attorney's fees, and were they reasonable, necessary, and segregated?***

Yes. Denny's attorney's fees were authorized, supported by appropriate evidence and expert testimony, and were segregated. The trial court did not abuse its discretion in awarding them.

## (A) Applicable Law and Standard of Review

A Texas trial court can generally award attorney's fees only under a contract or a statute. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009). A trial court has discretion to award reasonable attorney's fees in a suit for dissolution of marriage. TEX. FAM. CODE § 6.708(c). Attorney's fees must be supported by some evidence, usually expert testimony of the party's attorney in addition to invoices, and fees calculated under a lodestar method (reasonable hourly rate times reasonable hours on the case) should usually be supported by specific evidence instead of generalities. *See Long v. Griffin*, 442 S.W.3d 253, 254–56 (Tex. 2014) (per curiam); *City of Laredo v. Montano*, 414 S.W.3d 731, 736–37 (Tex. 2013) (per curiam); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012). The court of appeals reviews the award of attorney's fees for an abuse of discretion. *Diaz v. Diaz*, 350 S.W.3d 251, 256 (Tex. App.—San Antonio 2011, pet. denied).

## (B) Denny is entitled to her attorney's fees

Tolpo's argument that the Agreement Incident to Divorce precludes Denny's attorney's fees is incorrect. First, Tolpo failed to raise the argument in the trial court and thus waived it. Second, reading the Agreement as a whole shows that the parties did not intend to limit any claims related to Denny's condo, including claims for attorney's fees.

Tolpo appears to argue that the Agreement precludes attorney's fees under the Texas Family Code. Tolpo failed to preserve error that Denny was not entitled to attorney's fees under the Agreement when he failed to timely complain to the trial court. TEX. R. APP. P. 33.1. Indeed, Tolpo failed to ask Denny's attorney a single question on cross examination, [2 RR 78:20–21], or raise the issue in his closing arguments. [2 RR 101:21–103:19]. But even if he had not waived the error, the Agreement does not support Tolpo's arguments.

The Agreement is a contract between Tolpo and Denny because it was approved by the trial court at both parties' request and incorporated into the final divorce decree. TEX. FAM. CODE § 7.006; *see Byrnes v. Byrnes*, 19 S.W.3d 556, 559–60 (Tex. App.—Fort Worth 2000, no pet.) (citing *Traylor v. Traylor*, 789 S.W.2d 701 (Tex. App.—Texarkana 1990, no writ.) (stating circumstances an agreed incident to divorce becomes an enforceable contract). In construing a

written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Id.* No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Id.*

Paragraph 3.14 of the Agreement entitles a party enforcing the Agreement to attorney's fees, but the clause "does not apply to any litigation over the Westgate condominium." [2 RR Pet. Ex. 2]. The Agreement further expressly provides that the parties "may assert any claim, liability, debt obligation, action or causes of action of any kind" regarding Denny's condo. [2 RR Pet. Ex. 2, ¶ 3.17]. The Agreement released all claims except for those related to Denny's condo. [2 RR Pet. Ex. 2, ¶ 3.2]. The Agreement as a whole shows that the parties intended to reserve the parties' right to assert any claim regarding Denny's condo, including a claim for attorney's fees. *Coker*, 650 S.W.2d at 393. Tolpo's argument that the parties intended to exclude only the attorney's fees regarding Denny's condo simply does not follow from the language of the rest of the Agreement.

## (C) Denny proved her attorney's fees and segregated them.

A trial court may award reasonable attorney's fees in a suit for dissolution of marriage. TEX. FAM. CODE § 6.708(c). Attorney's fees should be supported by evidence of the well-known, non-exhaustive factors from *Arthur Andersen v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Attorney's fees should be segregated by claims, but a party need not segregate fees for inseparable legal services. *See A.G. Edwards & Sons v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007).

Denny pleaded for her attorney's fees. [CR 24, ¶ 21]. Denny introduced her invoices from the entire case. [2 RR Pet. Ex. 7]; *El Apple I, Ltd.*, 370 S.W.3d at 763. Her attorney testified at length about the time and labor required, his hourly fee, and his knowledge, experience, and reputation, as well as covering those factors for his paralegals and law partner. [2 RR 70:9–78:20]; *Arthur Andersen*, 945 S.W.2d at 818. Denny thus proved her entire legal expenses, which she then segregated.

Denny's attorney testified that the fight over Denny's condo began in late-August and thus segregated out $6,000 from the total. [2 RR 78:15–19] ("And so that would take $6,000 off of the total that I had testified to earlier from the [$]23,871.31. And those, I believe, were fees that unfortunately were necessary,

due to the problems dealing with the Austin condominium."). But even looking at the invoices the trial court's award is justified.

Denny signed the Agreement Incident to Divorce at the end of January 2015. Taking the first invoices starting at January 29 through the trial date, April 28, 2015, shows a total billed charge of approximately $10,422. [*See* 2 RR Pet. Ex. 7]. The trial court's award of $7,500 for work through trial was thus not only reasonable but also significantly discounted from the actual work performed.

Finally, Tolpo has judicially admitted that Denny segregated her attorney's fees at trial. [CR 89 (Resp.'s Mot. for New Trial): "Even the attorney fees to Petitioner's attorney related to the title and ownership of the condominium and not the settlement of the vast majority of the parties' assets."]; *see e.g. Chilton Ins. Co. v. Pate & Pate Enterprises, Inc.*, 930 S.W.2d 877, 884 (Tex. App.—San Antonio, 1996) (citing *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex.1983)) ("A judicial admission occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary."). This Court could affirm on that basis alone. But even if this were not a judicial admission, Denny still proved her case as shown above.

Tolpo also misstates that the appellate fees are mandatory. Although Denny moved the trial court for post-judgment attorney's fees on appeal to preserve the property and the status quo, *see* TEX. FAM. CODE § 6.709, the trial court

denied that motion. [3 RR 41:19–43:7][8]. Instead, the trial court reformed the judgment, which specifies the appellate fees are conditioned on an unsuccessful appeal. [CR 140–41, ¶ 29–30 ("In the event an appeal by NORMAN CLARENCE TOLPO to the Court of Appeals is made but is unsuccessful")]. Denny's attorney testified about his expected appellate fees. [3 RR 31:17–32:22]. An award of appellate fees must be conditional on an unsuccessful appeal. *See Hoefker v. Elgohary*, 248 S.W.3d 326, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The trial court therefore did not abuse its discretion in awarding Denny her attorney's fees, either for trial or conditional fees on appeal, and this Court should affirm.

---

[8] The record does not contain a written order denying Denny's post-judgment motion for support.

## Conclusion and Prayer

Tolpo did not preserve error on many of his appellate points, and even if he did, the trial court did not abuse its discretion on any of them.

In consideration of the foregoing, this Court should conclude that the trial court committed no reversible error and therefore affirm the trial court's final judgment in all things.

Respectfully submitted,

/s/ Adam T. Whitten

Curtis M. Loveless
Texas Bar No. 12607000
curtis@cmloveless.com
Darcy E. Loveless
Texas Bar No. 24013062
darcy@cmloveless.com
**Loveless & Loveless, L.P.**
218 N. Elm St.
Denton, Texas 76201
(940) 387-3776 Ofc.
(940) 898-0196 Fax

Adam T. Whitten
Texas Bar No. 24077199
adam@whittenlawfirm.com
**Michael J. Whitten & Associates, P.C.**
218 N. Elm St.
Denton, TX 76201
(940) 383-1618 Ofc.
(940) 898-0196 Fax

*Attorneys for Appellee*
*Mary Craver Denny*

## Certificate of Compliance

According to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that this document contains **8,149 words** as measured by my computer's word processor (Microsoft Word 2013, Windows 7 Professional), including headings, footnotes, and quotations, but not including the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Adam T. Whitten
Adam T. Whitten

## Certificate of Service

I certify that on December 17, 2015 I sent a true and correct copy of this document to the following:

**Via E-Filing and Regular Mail:**
Frank A. Adams
frankaadamspc@yahoo.com
**Law Office of Adams & Adams**
3280 Delaware Street
Post Office Drawer 7869
Beaumont, Texas 77726-7869
(409) 899-1900 Ofc.
(409) 892-3903 Fax

**Via E-Filing and Regular Mail**
Bruce W. Cobb
bwcobb54@gmail.com
**Conley & Schexnaider**
3280 Delaware
Beaumont, Texas 77703
(409) 899-3360 Ofc.
(409) 899-3372 Fax

/s/ Adam T. Whitten
Adam T. Whitten

## <u>Appendix</u>

(3)    Order Modifying Final Decree of Divorce (CR 131–143) .......... Tab 1

(4)    Denton County Local Rule 2.13 ................................................... Tab 2

FILED
DENTON COUNTY. TEXAS

2015 JUL 17 PM 12: 15

SHERRI ADELSTEIN
DISTRICT CLERK
BY_____DEPUTY

IN THE MATTER OF                    §
THE MARRIAGE OF                     §
                                    §
MARY CRAVER DENNY                   §        IN THE DISTRICT COURT
AND                                 §        DENTON COUNTY, TEXAS
NORMAN CLARENCE TOLPO               §        362ND JUDICIAL DISTRICT
                                              442nd

## ORDER MODIFYING FINAL DECREE OF DIVORCE

On April 28, 2015, the Court heard this case. On July 10, 2015, the Court heard Respondent's Motion for New Trial, Petitioner's Motion for Temporary Orders Pending Appeal, and Petitioner's Motion to Modify, Correct, or Reform Judgment Under Texas Rule of Civil Procedure 329b.

### Appearances

1.     On April 28, 2015, Petitioner, MARY CRAVER DENNY, appeared in person and through attorney of record, Curtis M. Loveless. On July 10, 2015 Petitioner, MARY CRAVER DENNY, appeared by and through attorney of record, Curtis M. Loveless, and announced ready.

2.     On April 28, 2015, Respondent, NORMAN CLARENCE TOLPO, appeared in person and through attorney of record, Frank A. Adams. On July 10, 2015, Respondent, NORMAN CLARENCE TOLPO, appeared by and through attorney of record, Frank A. Adams, and announced ready.

### Record

3.     The record of testimony was duly reported by Nikki Garcia, the court reporter for the 442nd Judicial District Court of Denton County, Texas.

**Apx. 1**

*Jurisdiction and Domicile*

4.     The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

*Jury*

5.     A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

6.     IT IS ORDERED AND DECREED that MARY CRAVER DENNY, Petitioner, and NORMAN CLARENCE TOLPO, Respondent, are divorced and that the marriage between them is dissolved.

*Child of the Marriage*

7.     The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

*Agreement Incident to Divorce*

8.     The Court finds that the parties have entered into an Agreement Incident to Divorce, in a document separate from this Final Decree of Divorce. The Court approves the agreement and incorporates it by reference as part of this decree as if it were recited herein verbatim and orders the parties to do all things necessary to effectuate the agreement. The parties have requested that the Agreement Incident to Divorce not be filed with the Court.  In accordance with that agreement, a copy of the agreement is not filed with the records of this Court and IT IS SO ORDERED.

***Property Not Disposed of by the Agreement Incident to Divorce***

9.     The Court finds that the Agreement Incident to Divorce confirmed each party's separate property and divided any community or mixed character property in accordance with that Agreement Incident to Divorce except for any claim, liability, debt, obligation, or causes of action of any kind relating to or arising from the ownership and liabilities of the Westgate Condominium, described below.

> A.     Being a unit located in THE WESTGATE COMDOMINIUMS, a condominium project established according to the Condominium Declaration recorded in Book 8, Page 392, Condominium Records, Travis County, Texas, and in Volume 8224, Page 374, Volume 8590, Page 12, Volume 8590, Page 21, Volume 8944, page 399, Volume 9092, Page 518, Volume 10300, Page 953, Volume 10488, Page 721, Volume 11196, Page 355, Volume 11293, page 98, Volume 11754, Page 65 and in Volume 11762, Page 274, Real Property Records, Travis County, Texas, and being Unit, 1301, Building A, together with an undivided .41686 percentage interest in the general common elements of such condominium project appurtenant to such unit as set forth in the Condominium Declaration.

10.     The Court finds that the Westgate Condominium described herein should be and is hereby confirmed as the separate property of MARY CRAVER DENNY, Petitioner. It is therefore ORDERED AND DECREED that the following described property is confirmed as the separate property of MARY CRAVER DENNY, Petitioner:

> A.     Being a unit located in THE WESTGATE COMDOMINIUMS, a condominium project established according to the Condominium Declaration recorded in Book 8, Page 392, Condominium Records, Travis County, Texas, and in Volume 8224, Page 374, Volume 8590, Page 12, Volume 8590, Page 21, Volume 8944, page 399, Volume 9092, Page 518, Volume 10300, Page 953, Volume 10488, Page 721, Volume 11196, Page 355, Volume 11293, page 98, Volume 11754, Page 65 and in Volume 11762, Page 274, Real Property Records, Travis County, Texas, and being Unit, 1301, Building A, together with an undivided .41686 percentage interest in the general common elements of such condominium project

appurtenant to such unit as set forth in the Condominium Declaration.

### Income Taxes -- For Prior Years

11.     The parties contractually agree that NORMAN CLARENCE TOLPO and MARY CRAVER DENNY shall be equally responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2013, and each party shall timely pay 50 percent of any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold the other party and his or her property harmless from 50 percent of such liabilities unless such additional tax, penalty, and/or interest resulted from a party's omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by the party who earned the omitted income or proffered the claim for an erroneous deduction. The parties agree that nothing contained herein shall be construed as or is intended as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code.

12.     The parties contractually agree that if a refund is made for overpayment of taxes for any year during the parties' marriage through December 31 of 2013, each party shall be entitled to one-half of the refund, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party, to the extent of one-half of the total amount of the refund, and shall pay to the other party one-half of the total amount of the refund check within five days of receipt of the refund check. Each party agrees to endorse a refund check on presentation by the other party.

13. The parties contractually agree that, for the calendar year 2014 and 2015 each party shall file an individual income tax return in accordance with the Internal Revenue Code.

*Income Taxes -- Calendar Years 2014 and 2015*

*Partition and Exchange Agreement*

14. Petitioner, MARY CRAVER DENNY and Respondent NORMAN CLARENCE TOLPO intend to and do hereby partition and exchange all income and earnings from their respective property, wages, salaries, and other forms of compensation received on or after January 1, 2014, as each party's separate property, effective January 1, 2014.

15. In recognition of the partition and exchange of income between the parties as set forth herein and to effect the division of tax liability for income received in 2014 and 2015 as set forth herein, the parties contractually agree that this agreement shall serve as a partition of income, setting aside to MARY CRAVER DENNY as her separate property (1) all earned income including wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered by MARY CRAVER DENNY; (2) trade or business income, and a partner's distributive share of partnership income; (3) income which is derived from the property awarded or confirmed to MARY CRAVER DENNY by this agreement; (4) any other income and earnings, wages, salaries, and other forms of compensation received by MARY CRAVER DENNY on or after January 1, 2014; (5) all deductible expenditures paid by MARY CRAVER DENNY; (6) deductible expenditures, depreciation, and losses attributable to property awarded or confirmed to MARY CRAVER DENNY by this agreement; (7) all income tax withheld from MARY CRAVER DENNY's earned income;

(8) all prepayments personally paid by MARY CRAVER DENNY for the tax year 2014 and 2015; and (9) non-payment credits attributable to MARY CRAVER DENNY's earnings awarded or confirmed to MARY CRAVER DENNY by this agreement; which were earned, received, generated or accrued between and including January 1, 2014, and the date of this agreement; and setting aside to NORMAN CLARENCE TOLPO as his separate property (1) all earned income including wages, salaries, management fees, fees for contract labor, consulting fees, or professional fees, and other amounts received as compensation for personal services actually rendered by NORMAN CLARENCE TOLPO; (2) trade or business income, and a partner's distributive share of partnership income; (3) income which is derived from the property awarded or confirmed to NORMAN CLARENCE TOLPO by this agreement; (4) any other income and earnings, wages, salaries and other forms of compensation received by NORMAN CLARENCE TOLPO on or after January 1, 2014; (5) all deductible expenditures paid by NORMAN CLARENCE TOLPO; (6) deductible expenditures, depreciation, and losses attributable to property awarded or confirmed to NORMAN CLARENCE TOLPO by this agreement; (7) all income tax withheld from NORMAN CLARENCE TOLPO's earned income; (8) all prepayments personally paid by NORMAN CLARENCE TOLPO for tax year 2014 and 2015; and (9) non-payment credits attributable to his earnings or property awarded or confirmed to NORMAN CLARENCE TOLPO by this agreement; which were earned, generated or accrued between and including January 1, 2014, and the date of this agreement.

16. This partition is made under the provisions of TEX. CONST. Art. XVI, Section 15, as amended November 2, 1999, which provides that:

A.     "Spouses... may by written instrument from time to time partition between themselves all or any part of their property then existing or to be acquired or exchanged between themselves the community interest of one spouse... in any property for the community interest of the other spouse... in other community property then existing or to be acquired, whereupon the portion or interest set aside to each spouse... shall be and constitute a part of the separate property and estate of such spouse"  and in accordance with TEX. FAMILY CODE, Subsections 4.102 (as amended, effective September 1, 2005), 4.103, 4.104, 4.105, and 4.106 (as amended, effective September 1, 1997) and Section 7.002(c)(1), effective September 1, 2003.

17.     The parties agree and IT IS ORDERED AND DECREED that, for the purposes of determining income tax liability, any property awarded to a party in this decree shall be deemed to have been partitioned to that party and have been that party's separate property as of January 1, 2014, and thereafter.  The parties further agree and IT IS ORDERED AND DECREED that any tax payments and any payments that are tax deductible are assigned to the party who made those payments.

18.     IT IS ORDERED AND DECREED that for the tax years 2014 and 2015, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

19.     IT IS ORDERED AND DECREED that MARY CRAVER DENNY shall report 100 percent of her income, withholdings, prepayments, and deductions and none of NORMAN CLARENCE TOLPO's income, withholdings, prepayments, and deductions.  MARY CRAVER DENNY shall be entitled to receive 100 percent of any refund for which she might be entitled on her federal income tax returns for 2014 and 2015.  MARY CRAVER DENNY shall pay 100 percent of any liability shown on her 2014 and 2015 income tax returns.

20.   IT IS ORDERED AND DECREED that NORMAN CLARENCE TOLPO shall report 100 percent of his income, withholdings, prepayments, and deductions and none of MARY CRAVER DENNY's income, withholdings, prepayments, and deductions. NORMAN CLARENCE TOLPO shall be entitled to receive 100 percent of any refund for which he might be entitled on his federal income tax returns for 2014 and 2015. NORMAN CLARENCE TOLPO shall pay 100 percent of any liability shown on his 2014 and 2015 income tax returns.

*Transfer and Delivery of Property*

21.   This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

22.   IT IS ORDERED that if any document is necessary to effectuate the transfer of property allocated in the parties' Agreement Incident to Divorce, NORMAN CLARENCE TOLPO is ORDERED to execute and deliver to MARY CRAVER DENNY, at her last known address, any such document presented to him by MARY CRAVER DENNY, within thirty days of its presentation to him.

23.   MARY CRAVER DENNY is ORDERED to execute and deliver to NORMAN CLARENCE TOLPO, at his last known address, any such document presented to her by NORMAN CLARENCE TOLPO, within thirty days of its presentation to her.

24.   In order to effectuate the award of property as shown in the Agreement Incident to Divorce signed by the parties, IT IS ORDERED that the optional service retirement annuity selection of MARY CRAVER DENNY in her retirement with the Employee Retirement System of Texas is ORDERED changed to a

standard service retirement annuity. MARY CRAVER DENNY is authorized to complete any forms promulgated by the Employee Retirement System of Texas to effectuate this change and to change her beneficiary designation, AND IT IS SO ORDERED.

### Exclusive Use of Property Pending Appeal

26. The Court finds that MARY CRAVER DENNY shall have the exclusive and private use and possession of the Austin condominium located at 1122 Colorado Street, Unit 1301, Austin, Texas 78701, until final judgment in this case, AND IT IS SO ORDERED.

### Payment for Repairs to the Austin Condominium

26. The Court finds that NORMAN CLARENCE TOLPO shall pay the sum of $4,536.32 to MARY CRAVER DENNY for repairs made to the Austin Condominium. Judgment is hereby granted in favor of MARY CRAVER DENNY against NORMAN CLARENCE TOLPO in the amount of $4,536.32, AND IT IS SO ORDERED. IT IS FURTHER ORDERED that the judgment for repairs shall bear interest at the rate of five percent per annum from July 13, 2015 until paid. IT IS FURTHER ORDERED that NORMAN CLARENCE TOLPO pay to MARY CRAVER DENNY care of Loveless & Loveless, Attorneys at Law, 218 N. Elm St., Denton, Texas 76201, the sum of $4,536.32 plus any accrued interest on or before August 10, 2015.

### Attorney's Fees

27. As part of the claims and causes of action relating to the ownership of the Westgate Condominium described elsewhere herein, the Court finds that a judgment should be granted to Curtis M. Loveless and Loveless & Loveless, Attorneys at Law, L.P., against NORMAN CLARENCE TOLPO for a portion of the attorney's fees incurred by MARY CRAVER DENNY in connection with presenting the issues relating to the Westgate Condominium. The Court further finds the amount of that judgment for attorney's fees through the trial of this case should be in the amount of $7,500.00.

28. Judgment is hereby granted in favor of Curtis M. Loveless and Loveless & Loveless, Attorneys at Law L.P. in the amount of $7,500.00 for a portion of the attorney's fees, expenses, and costs incurred by MARY CRAVER DENNY, with post-judgment interest at five percent per annum from May 26, 2015 until paid. The judgment, for which let execution issue, is awarded against NORMAN CLARENCE TOLPO. Curtis M. Loveless and Loveless & Loveless Attorneys at Law, L.P. may enforce this judgment, together with interest, in his own name by any means available for the enforcement of a judgment for debt.

29. In the event an appeal by NORMAN CLARENCE TOLPO to the Court of Appeals is made but is unsuccessful, the Court finds that a judgment should be granted in favor of Curtis M. Loveless and Loveless & Loveless, Attorneys at Law L.P. in the amount of $12,500.00, with post-judgment interest at five percent per annum until paid. The judgment, for which let execution issue, is awarded against NORMAN CLARENCE TOLPO. Curtis M. Loveless and Loveless & Loveless Attorneys at Law, L.P. may enforce this judgment, together with interest, in his own name by any means available

for the enforcement of a judgment for debt. The judgment for $12,500.00 shall be due within 30 days following the judgment of the Court of Appeals affirming the trial court's judgment.

30.     In the event of an unsuccessful appeal to the Supreme Court of Texas by NORMAN CLARENCE TOLPO, the Court finds that a judgment should be granted in favor of Curtis M. Loveless and Loveless & Loveless, Attorneys at Law L.P. in the amount of $10,000.00, with post-judgment interest at five percent per annum until paid. The judgment, for which let execution issue, is awarded against NORMAN CLARENCE TOLPO. Curtis M. Loveless and Loveless & Loveless Attorneys at Law, L.P. may enforce this judgment, together with interest, in his own name by any means available for the enforcement of a judgment for debt. The judgment for $10,000.00 shall be due within 30 days following the final judgment of the Supreme Court of Texas denying a petition for review filed by NORMAN CLARENCE TOLPO.

*Court Costs*

31.     IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Indemnification*

32.     Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this Final Decree of Divorce and Agreement Incident to Divorce. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt,

obligation, liability, act, or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

33.     Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

34.     IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

35.     The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

### Clarifying Orders

36.     Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

### Relief Not Granted

37.     IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs

and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

***Date of Judgment***

SIGNED ON _____ July 17 _____, 2015.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

LOVELESS & LOVELESS
Attorneys at Law, L.P.
218 N. Elm Street
Denton, Texas 76201
Phone: (940) 387-3776
Fax: (940) 898-0196

_____
Curtis M. Loveless
State Bar No. 12607000
Email: curtis@cmloveless.com
Darcy E. Loveless
State Bar No. 24013062
Email: darcy@cmloveless.com
Attorneys for Petitioner

Frank A. Adams
Law Offices of Adams & Adams
3280 Delaware Street
P.O. Drawer 7869
Beaumont, TX 77726-7869
Phone: (409) 899-1900
Fax: (409) 892-3903

_____
Frank A. Adams
State Bar No. 00855700
Email: frankaadamspc@yahoo.com
Attorney for Respondent

*ORDER MODIFYING FINAL DECREE OF DIVORCE – Page 13*

# UNIFORM RULES OF COURT FOR THE DISTRICT AND STATUTORY COUNTY COURTS OF DENTON COUNTY, TEXAS

## Title I. General Rules

**Rule 1.1:    Title, Scope, Authority and Application of Local Rules**

1.1.1    These Rules are the Local Rules of Court of Denton County, Texas. They shall govern proceedings in the District and Statutory County Courts of Denton County, Texas, for the purpose of securing uniformity and fairness in those proceedings and in order to promote justice.

1.1.2    The term "Courts" shall refer to the District and Statutory County Courts of Denton County, Texas, and/or any other court who subsequently adopts these Rules as their Local Rules.

1.1.3    These Rules are adopted by the trial judges of the District and Statutory County Courts acting in concert pursuant to the inherent power of courts to control and guide the trial and disposition of causes, and pursuant to the provisions of the Supreme Court's order of September 13, 1999, as amended, adopting Rules of Judicial Administration and to the provision of the Court Administration Act, Sec. 74.093, Government Code, as amended.

1.1.4    These Rules are standing order of all District and Statutory County Courts of this county, now existing or as may be created hereafter. Knowing or intentional violation of these Rules may be punished by contempt or other sanction authorized by law or by rules of procedure as the trial judge may deem appropriate.

1.1.5    For purposes of these Rules, juvenile cases originating under Title 3, Juvenile Justice Code, of the Texas Family Code are neither criminal nor civil; however, for juveniles incarcerated pending a contested adjudication, the case shall be given at least the priority afforded an adult criminal case.

**Rule 1.2:    Repeal and Effective Date**

1.2.1    All prior Local Rules are repealed as of the effective date of these Rules.

1.2.2    These Rules are effective September 1, 2003, or at such later date as they may be approved by the Supreme Court. They shall govern all proceedings occurring on or after their effective date.

**Rule 1.3:    Attorneys' Responsibilities to the Court**

1.3.1    Attorneys are officers of the Court and shall assist the Court in maintaining proper decorum at all times Court is in session.

**Apx. 2**

for dismissal of the case for want of prosecution.

**Rule 2.12: Failure to Appear in Civil Cases**

Failure of a party seeking affirmative relief to appear at any scheduled trial or hearing shall result in dismissal of the case or waiver of the matters presented in the motion scheduled for hearing.

**Rule 2.13: Trial Procedure in Civil Cases**

At the time the parties report for trial, they will deliver to the Court and the other parties a witness list, exhibit list, any motion in limine, and any requested instructions and questions if trial is by jury (on disk). Any witnesses and exhibits not shown on such list can be used at the trial only upon leave of the Court. The week prior to commencement of trial, all exhibits will be marked, exchanged, and examined by counsel so that the trial will not be delayed by such examination.

**Rule 2.14: Business Records Affidavits and Affidavits Concerning the Cost and Necessity of Services**

2.14.1 The following Affidavits shall be filed with the Clerk in accordance with the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code; however, the attachments shall not be filed:

  (a) Texas Rules of Evidence Rule 902(10): "Business Records Accompanied by Affidavit"

  (b) Texas Civil Practices and Remedies Code §18.001: "Affidavit Concerning Cost and Necessity of Services."

2.14.2 The Affidavits described in the preceding paragraphs shall be served upon, and the attachments shall be made available to, all other lead counsel or parties in accordance with the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code at the cost of the requesting party.

**Rule 2.15: Use of Videotaped Depositions**

Unless otherwise expressly agreed by the parties or ordered by the Court, counsel intending to offer videotaped depositions or other films or videotapes at trial, except those offered solely for impeachment, must serve opposing counsel with page and line designations for videotaped depositions not later than 30 days prior to trial. Opposing counsel shall serve the proffering attorney with all objections to the testimony and page and line designations of any portions he/she intends to introduce at trial within 10 days of receiving the designation. A hearing on objections to the proffered testimony shall be at the time the objections are served,